UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

HOPE M. CARR, DWIGHT BRYANT, )
JR., ALLEN S. MOBLEY, JR., MARK )
W. CLARK, JR., AND PAUL LOY, )
on behalf of themself and other persons )
similarly situated, )
　)
　　　Plaintiffs, )
　)
v. ) Case No.
　)
AUTOZONERS, LLC; AND )
AUTOZONE STORES, INC., )
　)
　　　Defendant. )

## COMPLAINT

Plaintiffs, Hope M. Carr, Dwight Bryant, Jr., Allen S. Mobley, Jr., Mark W. Clark, Jr., and Paul Loy, on behalf of themself and all other similarly situated employees of Defendants Autozoners, LLC and AutoZone Stores, Inc. (hereinafter collectively "Defendant" or "AutoZone"), allege the following Complaint pursuant to 29 U.S.C. §201 et seq., the Fair Labor Standards Act (FLSA).

### JURISDICTION AND VENUE

1.　　The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as it arises under the laws of the United States.

2.　　AutoZone is subject to personal jurisdiction in this district as it regularly does business in the State of Alabama through its retail outlets including the ones at which Plaintiffs were employed. At all times relevant to this case, AutoZone was and has been an enterprise engaged in commerce as defined by §203(s)(1) of the Act.

1

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(c) as AutoZone is a corporation whose contacts with the State of Alabama as alleged above are sufficient to establish personal jurisdiction over it in Alabama.

## PARTIES

4.      Autozoners, LLC is a corporation conducting business in the Northern District of Alabama. Autzoners, LLC operates Autozone stores nationwide, including in the Northern District of Alabama.

5.      AutoZone Stores, Inc. is a corporation conducting business in the United States District Court for the Northern District of Alabama. As of February, 2015, AutoZone operates in excess of 5,000 auto parts stores in the United States.

6.      Autozoners, LLC and Autozone Stores, Inc. are hereafter referred to collectively as "Defendant" or "AutoZone."

7.      Plaintiff Hope Carr currently resides in Athens, Alabama. At all times material, Carr was employed by AutoZone in Decatur and Hartselle, Alabama locations.

8.      Carr was employed as a Store Manager in Hartselle, Alabama between 1996 and 2000 and as a Store Manager in Decatur between 2000 and April 2013. The services performed by Plaintiff and others similarly situated were a necessary and integral part of and essential to AutoZone's business needs.

9.      Plaintiff Dwight Bryant, Jr. currently resides in Warrior, Alabama. At all times material, Bryant was employed by AutoZone in Tarrant, Gardendale, and Forestdale, Alabama locations.

10. Bryant was employed as a Store Manager in Tarrant, Alabama between February 2009 and June 2011. Bryant served as a Professional Sales Manager from 2008 to 2009 and again from June -August 2011 at the Gardendale and Forestdale locations. The services performed by Plaintiff and others similarly situated were a necessary and integral part of and essential to AutoZone's business needs.

11. Plaintiff Allen S. Mobley, Jr. currently resides in Jacksonville, Alabama. At all times material, Mobley was employed by AutoZone in Anniston, Alabama.

12. Mobley was employed as a Store Manager in Anniston, Alabama between June 2009 and August 2012. The services performed by Plaintiff and others similarly situated were a necessary and integral part of and essential to AutoZone's business needs.

13. Plaintiff Mark W. Clark, Jr. currently resides in Anniston, Alabama. At all times material, Carr was employed by AutoZone in Anniston, Talladega, and Huffman, Alabama locations.

14. Clark was employed as a Store Manager at multiple locations in Anniston, and in Talladega, and Huffman, Alabama between November 2007 and June 2009. The services performed by Plaintiff and others similarly situated were a necessary and integral part of and essential to AutoZone's business needs.

15. Plaintiff Paul Loy currently resides in Southside, Alabama. At all times material, Loy was employed by Autozone as a Store Manager in its Gadsden, Alabama location.

16. Loy was employed as a Store Manager for Autozone in Gadsden, Alabama from June 2005 to December 2009. The services performed by Plaintiff and others similarly situated were a necessary and integral part of and essential to AutoZone's business needs.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. In this action, Plaintiffs and all similarly situated current and former Store Managers of AutoZone seek to recover unpaid overtime compensation and other benefits of employment to which they are entitled under the FLSA. For at least seven years prior to filing this Complaint, AutoZone has improperly classified its store managers as exempt, thereby denying them compensation for hours worked in excess of forty (40) hours per week.

18. At all times material to this action, AutoZone is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

19. At all times relevant to this action, AutoZone was an "employer" of the Plaintiffs as defined by §203(d) of the FLSA.

20. At all times material to this action, the Plaintiffs are and/or were an "employee" of AutoZone as defined by §203(e)(1) of the FLSA, and worked for AutoZone within the territory of the United States within the statutory time limits of this case.

## THE STATUTE OF LIMITATIONS

21. In July, 2011, Carr, Bryant, Clark, Mobley, and Loy signed Consent to Sue Forms against AutoZone and engaged the law firm of Keller Rohrback, LLP to represent them as part of an opt-in class in the case of <u>Michael L. Taylor v. AutoZone, Inc.</u>, Case No. 3:10-cv-08125-FJM, in Arizona. The lawsuit was filed on July 16, 2011. More than 1,500 Store Managers throughout the United States, including Plaintiffs Carr, Bryant, Mobley, Clark, and Loy opted into the case. On January 21, 2015, the Named Plaintiffs in that case settled their claims and per a stipulation by Plaintiffs' counsel, the Court decertified the case and dismissed the opt-ins claims without prejudice. All opt-in plaintiffs, including Carr, Bryant, Mobley, Clark, and Loy were was notified by Keller Rohrback, LLP, shortly after January 21, 2015, that the case had been decertified by the court and that they should find alternative counsel. As part of the settlement and decertification, the parties agreed to and placed on the record a tolling agreement that provided that upon dismissal of opt-in plaintiffs from the case without prejudice that such opt-in plaintiffs would carry with them whatever rights they had upon the date of dismissal relative to the tolling or the statute of limitations. Thus, for the period of time Carr, Bryant, Mobley, Clark and Loy and other opt-in plaintiffs were active litigants in <u>Taylor</u>, the statute was tolled. <u>Id</u>.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

22. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collection action provision of the Act found at Section 216(b) for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by AutoZone which have deprived the Plaintiffs, as well as others similarly situated to the Plaintiffs, of their lawful wages.

23. This action is brought to recover unpaid compensation owed to Plaintiffs and all current and former Store Managers of AutoZone who are similarly situated to Plaintiffs, pursuant to the FLSA. For at least seven years prior to filing this Complaint, AutoZone has had a uniform policy and practice of consistently requiring its alleged "managerial" employees to work over 40 hours per week for a salaried amount without overtime compensation.

24. Plaintiffs and other opt-in class members are and were employed with AutoZone in the position denominated as "Store Manager." Plaintiffs and other similarly situated employees spent the majority of their time performing non-managerial functions including, but not limited to, arranging merchandising in the store, including "planograms" for display, working at the counter in an "inside" sales capacity, stocking, cleaning up, greeting and servicing customers, installing parts on cars such as batteries, windshield wipers, alternators, and starters, entering orders into the computer, operating the cash register, fielding customer complaints, arranging products, counting inventory parts, and other typical non-exempt tasks.

The Plaintiffs managerial duties were minimal, at best, compared to the non-managerial duties regularly performed.

25. The Plaintiffs, as well as all similarly situated other alleged Store Managers, were paid a specified weekly salary. The Plaintiffs, as well as other similarly situated Store Managers, were not paid any overtime compensation despite the fact that these employees worked well over the required 40 hours a week to entitle them to overtime pay at time and one-half for all hours worked over 40 each week.

26. The vast majority of Plaintiffs' time and the time of all other Store Managers was spent on non-exempt tasks similar to jobs performed by other non-exempt Managers. The few exempt tasks that Plaintiffs worked on were tasks spelled out in detail in the AutoZone manual, which provided a step by step duty on each and everything that the Plaintiffs did or had to do to comply with corporate policy.

27. As Store Managers, Plaintiffs and others similarly situated spent minimal time performing jobs relating to management of the store. On average, Plaintiffs and others similarly situated spent less than one hour per day managing the store.

28. Plaintiffs were closely monitored and supervised by the District Manager. The District Manager called the store constantly to discuss in detail sales and operations, giving specific instructions regarding what needed to be

accomplished in the store that day and making decisions for the store. On information and belief, each and every AutoZone store was managed on the same basis.

29. The AutoZone computer system was connected to headquarters in "real time," so Plaintiffs' supervisors and other AutoZone executives could monitor sales and other activities in the store as they were occurring.

30. The duties and responsibilities of a Store Manager are substantially similar to those of the hourly managerial employees. The Plaintiffs' managerial duties are minimal, at best, compared to the non-managerial duties regularly performed.

31. Defendant's policies, procedures, training manuals and operations manuals are uniform and company-wide.

32. Defendant's written job descriptions, including the Store Managers' job descriptions, are uniform and identical for all stores and all Store Manager positions throughout the country.

33. Store Managers in all stores in which Plaintiffs worked perform similar duties and responsibilities and are governed by the same policies and procedures, and job descriptions.

34. The Plaintiffs and all similarly situated employees, who elect to participate in this action, seek overtime compensation, an equal amount of

liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. § 216(b). At all times since 2007, AutoZone had a uniform corporate policy and practice requiring Store Managers to work well over forty (40) hours in a workweek for a salaried amount without the option of overtime compensation.

35. The services performed by Plaintiffs were a necessary and integral part of and directly essential to AutoZone's business strategy.

36. AutoZone has intentionally failed and/or refused to pay Plaintiffs and others similarly situated according to the provisions of the FLSA.

37. The systems, practices, and duties of the Plaintiffs have existed for at least seven years throughout AutoZone's businesses nationally.

38. For at least seven years, AutoZone has been aware of the requirements of the FLSA and its corresponding regulations regarding overtime compensation. Despite this knowledge, AutoZone has failed to pay the Plaintiffs and others similarly situated the mandatory lawful overtime compensation to conform their duties to the requirements of the FLSA.

39. There are numerous other similarly situated employees and former employees of AutoZone, who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court supervised notice of the present lawsuit and the opportunity to join the present lawsuit (see attached Consent to Join forms). Those similarly situated employees are known to

AutoZone and are readily identifiable by virtue of AutoZone's payroll and employment records. Specifically, all Store Managers and former Store Managers of AutoZone who have been employed since July, 2008, would benefit from court supervised notice and the opportunity to join the present lawsuit and should be so notified.

40. AutoZone has not made a good faith effort to comply with the FLSA.

WHEREFORE, the Plaintiffs, individually, and on behalf of other similarly situated Store Managers, pursuant to §216(b) of the FLSA, pray for the following relief:

A. At the earliest possible time, they should be allowed to give notice or that the Court issue such notice to all AutoZone Store Managers or former Store Managers in all locations within the United States (with the exception of California) during the three years immediately preceding filing of this lawsuit and those specific individuals, who opted into the *Taylor* case, informing them that this action has been filed and the nature of the action and of their right to opt-in to this lawsuit if they worked overtime but were not purportedly compensated correctly pursuant to 29 U.S.C. §216(b).

B. The class of Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b) and/or pre-judgment interest.

C. Plaintiffs' reasonable attorney's fees, including the costs and expenses of this action.

D. Such other legal and equitable relief, including, but not limited to, any injunctive or declaratory relief to which they may be entitled and Plaintiffs further demand a trial by struck jury on all issues related to this case.

        Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr. (ASB-5324-A61R)
Kevin W. Jent (ASB-0804-E61K)
WIGGINS, CHILDS, PANTAZIS,
  FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500 (Telephone)
(205) 254-1500 (Facsimile)
Rcalamusa@wigginschilds.com
Kjent@wigginschilds.com

*/s/ John A. Wilmer*
John A. Wilmer (ASB-7110-R73J)
Walter A. Kelley (ASB-8687-L54W)
WILMER AND LEE, P.A.
100 Washington Street, Suite 100
Huntsville, Alabama 35801
(256) 533-0202 (Telephone)
(256) 533-0302 (Facsimile)
jwilmer@wilmerlee.com
wkelley@wilmerlee.com

*/s/ Mitchell K. Shelly*
Mitchell K. Shelly (ASB-5458-H59M)
James M. Coder (ASB-4256-C41J)
Alexander, Corder & Shelly, P.C.
215 S. Jefferson Street
Athens, AL 35611
(256) 232-1100 (Telephone)
mshelly@acpbs.com
jcorder@acpbs.com

COUNSEL FOR PLAINTIFFS

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.

                                      */s/ Rocco Calamusa, Jr.*
                                      OF COUNSEL

Plaintiffs request this Honorable Court to serve via certified mail upon the defendants the following: Summons, Complaint.

<u>DEFENDANTS' ADDRESSES:</u>

Autozoners, LLC
c/o CT Corporation System
2 North Jackson Street, Ste.605
Montgomery, AL 36104

Autozone Stores, Inc.
c/o CT Corporation System
2 North Jackson Street, Ste.605
Montgomery, AL 36104

                                      */s/ Rocco Calamusa, Jr.*
                                      OF COUNSEL