FILED
 2016 Jan-29  PM 04:50
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HOPE M. CARR, DWIGHT BRYANT, JR., ALLEN S. MOBLEY, JR., MARK W. CLARK, JR., AND PAUL LOY, on behalf of themself and other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AUTOZONERS, LLC; AND AUTOZONE STORES, INC.,<br><br>    Defendant. | Case No. 5:15-cv-00356-AKK |

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION
AND TO FACILITATE NOTICE PURSUANT TO §216(b)
OF THE FAIR LABOR STANDARDS ACT (FLSA)**

**COME NOW** Hope Carr, Dwight Bryant, Jr., Allen S. Mobley, Jr., Mark W. Clark, Jr., and Paul Loy ("Named Plaintiffs") in the above-styled lawsuit, and respectfully request this Court to conditional certify this case as a collective action and enter an Order allowing notice be sent to all Store Managers employed nationwide (excluding those Store Managers employed in California and Puerto Rico) as AutoZone Store Managers from February 27, 2012, to the present (3 years from the filing of this lawsuit to the present).  Plaintiffs also seek to conditionally certify a nationwide class of individuals who were employed as Store Managers from July 16,

2008 to February 27, 2012, who filed opt-in consents in the case of *Michael L. Taylor v. AutoZone, Inc.*, Case No.: 3:10-cv-08125-FJM in the United States District Court for the District of Arizona and whose claims were tolled and are timely pursuant to the tolling order agreed to by the parties and entered by the *Taylor* court. *See Taylor v. AutoZone, Inc.* Case No.:3:10-cv-08125-FJM (D. Ariz., Jan. 21, 2015)(*See* PX 1). In support of said request, plaintiffs state the following:

1. This case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* specifically the collective action provision of §216(b).

2. Defendants have answered the complaint and admits that this Court has federal question jurisdiction and that venue is proper in this Court. Defendants further admit and that Named Plaintiffs were employed in the position of Store Manager for the defendant AutoZone during the relevant time period.

3. This action is collectively brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collection action provision of the Act found at §216(b), for appropriate legal relief and to remedy violations of the wage provisions of the FLSA by AutoZone which has deprived the plaintiffs (store managers), as well as other similarly situated store managers, of their lawful wages.

4. This case is brought on behalf of only those current and former employees employed in the position denominated as "Store Manager." The similarly situated managerial employees are uniformly classified by Defendant as exempt

employees not entitled to overtime pay for hours worked over forty (40) in a work week. Plaintiffs, and other similarly situated store managers, typically exceed the forty hours each work week.

5. Plaintiffs spend the majority of their time performing non-managerial functions, including, but not limited to, assisting customers, running the registers, stocking merchandise and janitorial duties. The named plaintiffs managerial duties, if any, were minimal, at best, compared to the non-managerial duties they primarily performed. Store Managers perform the same job with the same responsibilities as hourly paid/ non-exempt employees.

6. Since the filing of this Complaint, fifty-three (53) additional store managers have filed Consent to Join forms regarding similar claims for being illegally classified by Defendant as an exempt employee under the FLSA. All of the plaintiffs were subject to a company-wide, uniformed, job description and pay practices. *See Vaccaro v. Candidates on Demand*, 2008 U.S. Dist. LEXIS 29344 (S.D. Fla. 2008)(granting motion to authorize notice to potential class members where there was evidence that putative plaintiffs were similarly situated and others desired to join).

7. The granting of notice is not a ruling on the merits of the plaintiffs' claims. *Grayson v. K Mart*, 79 F.3d 1086 (11th Cir. 1996); *Garner*, 802 F.Supp. at 423 n.3; *Kirkpatrick v. J.C. Bradford & Co.,* 827 f.2d 718 (11th Cir. 1987); s*ee also, Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)(plaintiffs need not

demonstrate they will prevail on the merits to obtain class certification under the more demanding requirements of Fed.R.Civ.P. 23). Any argument put forth by the defendant that deals with the merits of the plaintiffs claims should be disregarded by the court at this stage (i.e. stage one, notice) of the lawsuit.

8. In order to become a member of the collective action, an individual must affirmatively opt-in to the case. *Grayson v. K Mart Corp.*, 79 F.3d 1086 at 1106 (11th Cir. 1996); *O'Connell v. Champion Int'l Corp.*, 812 F.2nd 393 at 394 (8th Cir. 1987); *La Chapelle v. Owens Illinois, Inc.*, 513 F.2nd 286, 288, 289 (5th Cir. 1975).

9. Discovery is not necessary prior to a determination of the issue of notice.

10. The Eleventh Circuit utilizes a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. § 216(b). *See Hipp v. Liberty National Life Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir 2001); *see Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)(stating that the two-tiered approach "appears to be an effective tool for district courts to adopt in future cases"). The instant motion only addresses the first tier of the analysis (the "notice stage"), in which the district court makes an initial assessment whether notice should be sent to potential plaintiffs. *See Hipp v. Liberty National Life Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir 2001). A plaintiff need only show that there are similarly situated individuals who, if given notice, may wish to join the action as party plaintiffs. To accomplish this, it must be demonstrated that individuals to whom notice would be sent had similar job requirements and were

subject to similar pay provisions. *See* 29 U.S.C. § 216(b); *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989).

11. A collective action is to be authorized and notice issued when the plaintiffs have demonstrated a reasonable basis for the allegations of the complaint by filing declarations and consents from class members. *Id*.

12. Plaintiffs' motion is more than adequately supported by the detailed allegations in the Complaint, the memorandum in support of this Motion, the declarations attached thereto, Defendant's Answer, Defendant's Job Description for its Store Managers and Defendant's policies and procedures. This showing more than establishes "a reasonable basis" for the issuance of Notice.

13. The statute of limitations is tolled for a *named* plaintiff in a collective action on the date the complaint is filed. For those current and former employees who opt-in, however, the statute is tolled only on the later date when each individual's written Consent To Become A Party Plaintiff form is filed with the court. Notice to the potential class should be expedited in this action in order that former Store Managers may toll the running of their statute of limitations.

14. Plaintiffs maintain that the attached proposed Notice is fair and adequate. (PX 35). The notice fairly informs the potential opt-in plaintiffs of the pendency of the lawsuit, that Defendant denies the allegations and, if they desire, how to opt-into the case. The notice also advises the potential opt-ins that the Court expresses no

opinion regarding the merits of the plaintiffs' claims.

**WHEREFORE, PREMISES CONSIDERED**, the named plaintiffs respectfully request that this Court authorize notice to be sent to all Store Managers employed nationwide (excluding those Store Managers employed in California and Puerto Rico) as AutoZone Store Managers from February 27, 2012, to the present (3 years from the filing of this lawsuit to the present) and to all individuals who were employed as Store Managers from July 16, 2008 to February 27, 2012, and who filed opt-in consents in the case of *Michael L. Taylor v. AutoZone, Inc.*, Case No.: 3:10-cv-08125-FJM in the United States District Court for the District of Arizona and whose claims were tolled and are timely pursuant to the tolling order agreed to by the parties and entered by the *Taylor* court. If notice is granted, plaintiffs would request that the defendants be required to provide names, addresses and social security numbers to plaintiffs' counsel within fourteen (14) days of entry of that order to facilitate the sending of Notice.

Respectfully submitted,

 */s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr. (ASB-5324-A61R)
Kevin W. Jent (ASB-0804-E61K)
WIGGINS, CHILDS, PANTAZIS,
  FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500 (Telephone)

        (205) 254-1500 (Facsimile)
Rcalamusa@wigginschilds.com
Kjent@wigginschilds.com

*/s/ John A. Wilmer*
John A. Wilmer (ASB-7110-R73J)
Walter A. Kelley (ASB-8687-L54W)
WILMER AND LEE, P.A.
100 Washington Street, Suite 100
Huntsville, Alabama 35801
(256) 533-0202 (Telephone)
(256) 533-0302 (Facsimile)
jwilmer@wilmerlee.com
wkelley@wilmerlee.com

*/s/ Mitchell K. Shelly*
Mitchell K. Shelly (ASB-5458-H59M)
James M. Coder (ASB-4256-C41J)
Alexander, Corder & Shelly, P.C.
215 S. Jefferson Street
Athens, AL 35611
(256) 232-1100 (Telephone)
mshelly@acpbs.com
jcorder@acpbs.com

## CERTIFICATE OF SERVICE

 I certify that the foregoing has been served upon all counsel of record by e-filing with the Court's electronic filing system on this day, January 29, 2016.

K. Bryance Metheny
Michael L. Lucas
Amy K. Jordan
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

           */s/ Rocco Calamusa, Jr.*
           OF COUNSEL