IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HOPE M. CARR, DWIGHT BRYANT, JR., ALLEN S. MOBLEY, JR., MARK W. CLARK, JR., AND PAUL LOY, on behalf of themselves and other persons similarly situated, ) ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) AUTOZONERS, LLC, and ) AUTOZONE STORES, INC., ) ) Defendants. ) | Case No. 5:15-cv-00356-AKK |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT FOR 485 OPT-INS WHOSE CLAIMS ARE BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS**

COME NOW Defendants AutoZoners, LLC and AutoZone Stores, Inc. ("Defendants" or "AutoZone") and submit this brief in support of their Motion for Summary Judgment as to four hundred eighty-five (485) Opt-Ins[1] whose claims are barred by the Fair Labor Standards Act ("FLSA") three-year statute of limitations:

### I. INTRODUCTION

In this case, current and former AutoZone Store Managers allege Defendants failed to pay them overtime compensation. The Fair Labor Standards Act sets a maximum recovery period of three years if the Plaintiffs can prove a willful violation

---

[1] For ease of reference the 485 opt-ins who are the subject of this motion will be referred to collectively as Plaintiffs.

32322185 v3

of the statute.[2]  Although Defendants deny Plaintiffs are entitled to any overtime compensation because they are properly classified as exempt employees, the claims of Plaintiffs who did not work as Store Managers for AutoZone within the three-year statutory period preceding their consent filing are barred as untimely. Moreover, there are no "extraordinary circumstances" that warrant equitable tolling of the statute of limitations.  Four Hundred Eighty-Five (485) Plaintiffs identified in Exhibits A and B to Exhibit 2 and in ¶13 below did not work for AutoZone as a Store Manager during the applicable three-year statutory period, and thus their claims are barred by the statute of limitations and AutoZone is entitled to summary judgment as to their claims.

## II.  STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     The named Plaintiffs filed this collective action on February 27, 2015, claiming Defendants improperly classified current and former Store Managers as exempt and seeking overtime pay under the Fair Labor Standards Act.  (Doc. 1).

2.     On May 21, 2015, Plaintiffs filed their initial Motion for Conditional Certification and Court Authorized Notice.  (Doc. 12).

---

[2] Defendants' position is that the two-year statute of limitations is applicable because Plaintiffs cannot establish a willful violation of the FLSA.  By filing this motion, Defendants do not waive that position.  Concurrently with the filing of this motion, Defendants file their Motion for Summary Judgment Dismissing All Claims Outside of the Two-Year Statute of Limitations.

3. On June 10, 2015, the Court granted Defendants' Motion to Stay Consideration of Plaintiffs' Motion for Conditional Class Certification, and ordered the parties to confer and provide a proposed schedule for a "limited period of class-based discovery." (Doc. 21).

4. Thereafter, the parties submitted their Report of Parties' Planning Meeting and jointly proposed a September 30, 2015 deadline to complete class-based discovery, and an October 30, 2015 deadline for Plaintiffs to re-file or supplement their Motion for Conditional Certification and to Facilitate Notice Pursuant to § 216(b) of the FLSA. (Doc. 22).

5. On October 29, 2015, the Court entered a Scheduling Order setting a December 30, 2015 deadline to complete class-based discovery, and a January 30, 2016 deadline for Plaintiffs to re-file their motion for conditional certification. (Doc. 35).

6. Plaintiffs re-filed their motion for conditional certification on January 29, 2016 (Doc. 38), and, after briefing extensions were granted to both Plaintiffs and Defendants, Plaintiffs' motion was under submission as of April 4, 2016 (Doc. 56).

7. On September 14, 2016, the Court granted Plaintiffs' motion and conditionally certified a class of "all individuals who were employed as Store Managers from July 16, 2008 to February 27, 2012, who filed opt-in consents" in the *Michael L. Taylor v. AutoZone, Inc.* case and whose claims were tolled pursuant

to the tolling order agreed to by the parties and entered by the *Taylor* court. (Doc. 67; *see also* Docs. 41, 73 and 69-1; *see also Taylor* Doc. 362).

8. The *Michael L. Taylor v. AutoZone, Inc.*, Case No.: 3:10-cv-08125-FJM, case was filed on July 16, 2010, in the U.S. District Court of Arizona (*Taylor* Doc. 1); it was certified as a collective action on May 24, 2011 (*Taylor* Doc. 67); all Store Managers who worked for AutoZone during the relevant period (excluding California) were sent notice and approximately 1,500 then current and former Store Managers opted-in (*Taylor* Doc. 312, p. 5); the trial judge granted summary judgment in AutoZone's favor (which was later reversed on appeal) (*Taylor* Docs. 278, 309); the four named plaintiffs settled their individual claims shortly before trial (*Taylor* Doc. 362); the class was decertified (*Id.*); and on January 20, 2015, the claims of the opt-ins were dismissed without prejudice (*Id*).

a. Pursuant to the *Taylor* "tolling agreement," any plaintiffs who previously filed a consent in the *Taylor* case would, as of the January 20, 2015 dismissal date, carry with them whatever rights they had relative to the tolling of the statute of limitations. (*See Taylor* Doc. 366, at pp. 40-41).

b. In its Order dismissing the *Taylor* case, the court stated, "Counsel for Plaintiffs have an obligation to give notice to the dismissed opt-ins of their settlement, the reasons supporting it, options available to pursue, if they choose to, their dismissed claims and deadlines in which to do it." (*Taylor* Doc. 362, at p. 2).

c. Following dismissal of the case, counsel for the *Taylor* plaintiffs sent a letter to the opt-ins informing them of their right to reassert their claim in another jurisdiction and "reminding them…where they stand with respect to the statute of limitations…if they chose to file elsewhere." (*See* Taylor Doc. 366, p. 28).

d. *Taylor* opt-ins who filed consent forms in this case testified they received a letter following the *Taylor* case dismissal informing them they could continue to pursue their FLSA claims against AutoZone. (Doc. 45-2, Cottrell Depo. at 10:10-11:1; Doc. 46-3, Loveday Depo. at 39:15-21; Doc. 46-4, Maginelli Depo. at 98:22-99:9; Doc. 46-5, Mobley Depo. at 137:5-8; Doc. 46-7, Rosales Depo. at 9:12-14; Doc. 45-1, Bryant Depo. at 156:3-20; Doc. 46-6, Moore Depo. at 5:12-7:18; Doc. 45-3, Davis Depo. at 94:19-97:3; Doc. 45-4, Elateek Depo. 9:24-15:5).

9. On June 8, 2017, the Court approved the parties' plan to facilitate notice (Doc. 73), and the Third Party Administrator mailed notice to the class on July 21, 2017. (*See* Ex. 3, July 24, 2017 Email from Jillene Weide).

10. The parties agreed that for plaintiffs not named in the original complaint, the opt-in date for purposes of the statute of limitations is the date on which the Third Party Administrator received the Opt-In's executed consent form. (Doc. 73; *see* Doc. 69-1 at 5).

11. One Thousand Six Hundred Nineteen (1619) total Plaintiffs have joined the case – 48 consent forms were filed by former *Taylor* plaintiffs prior to Plaintiffs'

initial May 21, 2015 certification motion; another 10 consent forms (9 of which were by former *Taylor* plaintiffs) were filed before Plaintiffs' January 29, 2016 certification motion; another 4 consent forms (1 of which was by a former *Taylor* plaintiff) were filed before the Court approved notice, 1571 consent forms (267 of which were by former *Taylor* plaintiffs) were received by the Third Party Administrator after notice was mailed.[3] (Docs. 2, 9, 11, 17-18, 24, 29-30, 32, 37, 65-66, 71, 74-77).

12. Four Hundred Eighty-Four (484) Plaintiffs in Exhibits A and B to Exhibit 2 to the evidentiary submission did not perform work for AutoZone as a Store Manager during the applicable three-year statutory period prior to the date the Third Party Administrator received their signed consent to join the lawsuit. These 484 Plaintiffs consist of the following:

    a. Three Hundred Eighty-Five (385) Plaintiffs identified in Exhibit 2-A last worked as a Store Manager for AutoZone over three years prior to their consent filing in this action. (*See* Ex. 1, Declaration of Lydia Smith ¶4; *See* Ex. 2, Declaration of Laurie Sharitt ¶¶ 4-5).

    b. Ninety-Nine (99) Plaintiffs identified in Exhibit 2-B who previously opted-in to the *Taylor* case did not work as a Store Manager during the

---

[3] Some Plaintiffs filed multiple consent forms.

applicable three-year statutory period.  (*See* Ex. 1, Declaration of Lydia Smith ¶4; *See* Ex. 2, Declaration of Laurie Sharitt ¶¶4-6).

13. In addition, Francisco Rodriguez, whose consent was received by the Third Party Administrator on May 19, 2017, has never worked for AutoZone as a Store Manager.   (*See* Ex. 1, Declaration of Lydia Smith ¶ 5).

### III. ARGUMENT

#### A. All Claims Asserted by Plaintiffs Outside the Three-Year Statutory Period Are Due to be Dismissed.

Under the Fair Labor Standards Act ("FLSA"), plaintiffs must file a lawsuit or a consent to join a lawsuit for unpaid overtime compensation within two years of a violation; or, for alleged willful violations, within three years of the alleged violation.  *See* 29 U.S.C. § 255(a); 29 C.F.R. § 790.21(a)(1). According to AutoZone's records, 485 Plaintiffs did not perform work for AutoZone as a Store Manager during the applicable three-year statutory period prior to the date the Third Party Administrator received their signed consent to join the lawsuit.  These 485 Plaintiffs include: (1) the Three Hundred Eighty-Five (385) Plaintiffs identified in Exhibit 2-A whose last date of employment as a Store Manager with AutoZone was over three years prior to the date they filed their consent form in this action; (2) the Ninety-Nine (99) Plaintiffs identified in Exhibit 2-B who previously opted-in to the *Taylor* action who did not work as a Store Manager for AutoZone during the

applicable three-year statutory period; and (3) Francisco Rodriguez because there is no evidence he worked as a Store Manager for AutoZone. (Facts, ¶¶ 12-13).

Because these 485 Plaintiffs were not employed by AutoZone as a Store Manager, or did not work for AutoZone as a Store Manager during the applicable three-year statutory period, their claims are time-barred and Defendants are entitled to judgment as a matter of law.[4]

**B.     Equitable Tolling Does Not Apply.**

Defendants understand that Plaintiffs intend to argue equitable tolling in response to Defendants' summary judgment motion based on the statute of limitations. Plaintiffs cannot meet their burden to show equitable tolling of the statute of limitations is warranted.[5] Equitable tolling is an "extraordinary remedy which should be extended only sparingly."[6] The party seeking tolling must prove: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[7] Courts in the Eleventh

---

[4] *See, e.g.*, *Burroughs, et al. v. Honda Mfg. of Ala., LLC*, No. 1:08-cv-1239-VEH, 2011 WL 13069990 (N.D. Ala. Oct. 7, 2011) (dismissing time-barred plaintiffs); *Knott v. Dollar Tree Stores, Inc.*, No. 7:06-cv-1553-LSC, 2009 WL 10671403 (N.D. Ala. May 5, 2009) (same).

[5] *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993).

[6] *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993); *Wallace v. Kato*, 549 U.S. 384 (2007).

[7] *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (quotations omitted).

Circuit have noted three instances in which equitable tolling may be appropriate: "(1) when the defendant misleads the plaintiff into permitting the statutory period to lapse, (2) when the plaintiff has no reasonable way of discovering the wrong against himself, or (3) when the plaintiff timely files a technically defective pleading in light of proper diligence."[8] Plaintiffs cannot establish that any of these circumstances exist.

Courts are unwilling to allow equitable tolling in instances where plaintiffs are generally aware of their rights but do not act on those rights within the statutory period.[9] Equitable tolling also does not apply to "garden variety" claims of excusable neglect, and "[i]gnorance of the law usually is not a factor that can warrant equitable tolling."[10] The appropriate inquiry is whether "the facts supporting a cause

---

[8] *See, e.g., Cox v. Sears, Roebuck & Co.*, No. 91-259-CIV-T-17, 1994 WL 143019, at *3 (M.D. Fla. Mar. 31, 1994), *aff'd*, 69 F.3d 550 (11th Cir. 1995); *Cameron v. Dep't of Veterans Affairs, Sec'y*, No. 2:09-CV-1296-AKK, 2010 WL 11562041, at *1 (N.D. Ala. June 8, 2010) ("Extraordinary circumstances typically involve fraud, misinformation, or deliberate concealment by the defendant.").

[9] *Whitefield v. Career Training Institute*, No. 3:15-CV-518-HES-MCR, 2016 WL 8943171 (M.D. Fla. June 1, 2016) *citing McBrayer v. Marietta*, 967 F.2d 546, 548 (11th Cir. 1992) (declining to toll the statute of limitations because plaintiffs had ample notice of filing requirements under the law).

[10] *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2008 WL 700174, at *3 (S.D. Fla. Mar. 13, 2008); *Justice*, 6 F.3d at 1479–80; *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 970 (11th Cir. 1997).

of action became apparent or should have become apparent to a reasonably prudent person with concern for his or her rights."[11]

Here there has been no showing that any of the Plaintiffs have been induced to refrain from filing a timely claim, and there are no facts indicating the Plaintiffs lacked knowledge of their exempt status as AutoZone Store Managers. In fact, in addition to the initial notice, the *Taylor* opt-ins (per the parties' tolling agreement) received letters following the dismissal and decertification of the *Taylor* case informing them of their right to file another lawsuit and where they stood with respect to the statute of limitations. (Facts, ¶ 8.a.-d.). Each potential opt-in had the opportunity to file an individual action (as several did) under the FLSA. Moreover, sixty (60) Plaintiffs filed consent forms to join this case, including three who did not previously participate in the *Taylor* action, even before the court-approved notice was issued. (Facts, ¶ 11). Equitable tolling is not generally permitted under these circumstances.[12]

---

[11] *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1267 (11th Cir. 2003).

[12] *See, e.g.*, *Young v. Dollar Tree Stores*, No. 11-cv-1840, 2013 WL 1223613 (D. Colo. Mar. 25 2013) (denying plaintiffs' motion to toll the statute of limitations because "potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment with Dollar Tree, and it is those facts and circumstances that allegedly form the basis of each plaintiff's FLSA claim against Dollar Tree."); *Mills, et al. v. Adams*, 2014 WL 1340758, *2 (M.D. Ga. Apr. 3, 2014) (finding equitable tolling inappropriate when there was no showing that the potential plaintiffs were reasonably induced to refrain from filing a timely claim and they had all the information needed to file a FLSA claim); *In re Tyson Foods, Inc.* 2008 WL 4613654, *3 (M.D. Ga. Oct. 15, 2008) (same).

To the extent Plaintiffs argue that the passage of time between the filing of their motion for conditional certification and notice being sent to potential opt-ins is an extraordinary circumstance that justifies equitable tolling, that argument fails. Courts have routinely declined to toll the statute of limitations where delay results from proceedings necessary to obtain conditional certification or from other risks of litigation because litigation delays are not unusual.[13]  Furthermore, there is no basis for equitable tolling on the basis of ordinary litigation delays because Plaintiffs:  (1) could have filed individual FLSA actions at any point during the applicable limitations period (and four did),[14] or could have opted-in to the collective action before notice was sent (and 602 did).[15]

---

[13] *See, e.g.*, *Sandoz v. Cingular Wireless, L.L.C.*, 700 Fed. Appx. 317, 321 (5th Cir. 2017) (declining to transform "routine litigation" into an extraordinary circumstance warranting equitable tolling); *Rojas, et al. v. Garda CL Southeast, Inc.*, 297 F.R.D. 669, 679-80 (S.D. Fla. 2013) (denying plaintiffs' motion for equitable tolling of the limitations period for the 31-day extension defendant received to respond to the motion for conditional certification); *Vargas v. General Nutrition Centers, Inc.*, 2012 WL 5336166, *6-8 (W.D. Pa. Oct. 26, 2012) (denying plaintiffs' motion for equitable tolling for the 4 month period of discovery necessary for ruling on their motion for conditional certification); *Muhammad v. GBJ, Inc.*, 2011 WL 863785, *1 (S.D. Tex. Mar. 9, 2001) (refusing to equitably toll the statute of limitations for an FLSA action when the only circumstance cited by plaintiff to warrant the remedy was the need for limited discovery to determine whether certification is appropriate).

[14] *See Eremah v. AutoZone Stores, LLC*, Civil Action No. DKC 15-0342 (D. Maryland 2015); *Cyr v. AutoZone Parts, Inc.*, Civil Action No. 1:15-cv-00139-GZS (D. Maine 2015); *Barquero v. AutoZoners, LLC*, Civil Action No. 4:15-cv-00749 (D. Maine 2015); *Anthony Smith v. AutoZone, Inc.*, Civil Action No. 7:15-cv-00183-MFU (W.D. Va. 2015).

[15] *See, e.g.*, *Palma v. MetroPCS Wireless, Inc.*, No. 8:13-CV-698-T-33MAP, 2013 WL 6836535, at *2 (M.D. Fla. Dec. 26, 2013); *Bobbitt v. Broadband Interactive, Inc.*, No. 8:11–cv–2855, 2012 U.S. Dist. LEXIS 96551, at *7–8, 2012 WL 2872846 (M.D.Fla. July 12, 2012); *Lytle v. Lowe's Home Centers, Inc.*, No. 8:12-CV-1848-T-33TBM, 2014 WL 103463, at *7 (M.D. Fla. Jan. 10, 2014); *Pendlebury*, 2008 WL 700174, at *4 ("The fact that Plaintiffs did not receive notice

The passage of time awaiting ruling on a motion for conditional certification is expected and is the reality of Congress's choice to keep the statute of limitations running until each opt-in plaintiff files his or her consent form -- an action that often does not occur until after a class is conditionally certified and notice is sent.  *See* 29 U.S.C. § 256(b).  Indeed, the Eleventh Circuit has explained that the FLSA statute of limitation evidences Congress's "concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint." *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1107 (11th Cir. 1996).  Courts have regularly held that a lengthy delay in ruling on a motion for FLSA class certification is insufficient to justify equitable tolling.[16]  Likewise, courts have held that the grant

---

of the pendency of a collective action prior to the expiry of the limitations period was not the consequence of "inequitable circumstances.' Any of the Plaintiffs could have brought individual actions within the three year time period allowed by the FLSA. These opt-in Plaintiffs were not hindered due to fraud or misrepresentation from discovering that they might have a colorable claim for relief. Indeed, with diligence, any of these Plaintiffs could have filed individual (or collective) actions within the limitations period."); *Mills v. OK Sun Adams*, No. 4:13-CV-162 CDL, 2014 WL 1340758, at *2 (M.D. Ga. Apr. 3, 2014) (no equitable tolling because no "inequitable event prevented putative class members from opting in to this action or filing a separate timely FLSA action."); *Allen v. Hartford Fire Ins. Co.*, No. 616-CV-1603, 2017 WL 3701139, at *9 (M.D. Fla. Aug. 25, 2017) (no equitable tolling because putative FLSA class members could file complaint).

[16] *See, e.g.*, *Lockwood v. CIS Services, LLC*, N. 3:16-cv-965, 2018 WL 8559245, at *2-3 (ten-month period to rule on plaintiffs' motion for conditional certification did not justify tolling); *Chance v. E.I. DuPont De Nemours Co.*, No. 1:16-CV-376, 2017 WL 7051069, at *10 (E.D. Tex. Dec. 11 2017) (delay resulting from defendant defending against certification motion does not warrant equitable tolling); *Czopek v. TBC Retail Grp., Inc.*, No. 8:14-CV-675-T-36-TBM, 2015 WL 12915566, at *2 (M.D. Fla. Aug. 7, 2015) ("To date, a little more than seven months has passed since the motion was filed. This length of time is in no way unusual."); *Fiore v. Goodyear Tire & Rubber Co.*, No. 2:09-cv-843, 2011 WL 867043, *4 (M.D. Fla. Mar. 10, 2011) ("plaintiff has failed to demonstrate that extraordinary circumstances warrant tolling of the statute of

of pre-certification discovery[17] or short stays in the FLSA collective action context do not warrant tolling.[18]  Even a delay in approving notice to potential FLSA class members has been found insufficient to justify tolling.[19]  Accordingly, equitable tolling does not apply.

## IV.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court grant their Motion for Summary Judgment and dismiss with prejudice the claims of the 484 Plaintiffs listed in Exhibits 1 and 2 to Defendants' Motion and the claims of Francisco Rodriguez, with costs taxed to Plaintiffs.

---

limitations" even though it took the court nine months to grant the FLSA motion for conditional certification); *Love v. Phillips Oil, Inc.*, No. 3:08-cv-92, 2008 WL 5157677 (N.D. Fla. Dec. 9, 2008) (rejecting FLSA plaintiffs' request for equitable tolling when the motion for conditional certification was pending for nine months before being granted by the court).

[17] *Mills,* 2014 WL 1340758, at *2; *Vargas v. Gen. Nutrition Centers, Inc.*, No. 2:10-CV-867, 2012 WL 5336166, at *6 (W.D. Pa. Oct. 26, 2012) (no equitable tolling despite numerous delays due to pre-certification discovery); *Muhammad*, 2011 WL 863785, at *2 (declining to apply tolling due to "the need for limited discovery to determine whether certification is appropriate" because such a need "is present in many FLSA actions").

[18] *Bryant v. Lakeview Ctr., Inc.*, No. 3:09CV263/MCR/MD, 2010 WL 11520205, at *3 (N.D. Fla. Sept. 8, 2010) (denying equitable tolling despite case being stayed "from August 4, 2009…."); *Mills*, 2014 WL 1340758, at *1 (M.D. Ga. Apr. 3, 2014) (court stayed litigation until receipt of notice by putative class members but refused to equitably toll the statute of limitations); *McPherson v. Leam Drilling Sys., LLC*, No. 4:14-CV-02361, 2015 WL 12940018, at *2 (S.D. Tex. Sept. 30, 2015) (normal litigation delays did not warrant tolling); *Hernandez v. Sephora USA, Inc.*, No. 16-CV-05392-WHO, 2017 WL 6209308, at *5 (N.D. Cal. Dec. 8, 2017) (same).

[19] *Pendlebury*, 2008 WL 700174, at *3-4 (rejecting plaintiffs' argument that statute of limitations in FLSA action should be equitably tolled because it took the court six months to rule on the motion for conditional certification and four months to approve the notice to the potential class members and noting the individuals could have filed their own suit).

/s/ K. Bryance Metheny
Michael L. Lucas (LUCAM0118)
Jennifer M. Busby (BUSBJ4965)
K. Bryance Metheny (METHK8183)
Amy Jordan Wilkes (JORDA2962)
Ronald D. Scott Williams (WILLR4335)
Matthew T. Scully (SCULM7800)
H. Carlton Hilson (HILSH7681)

*Attorneys for Defendants AutoZoners, LLC and AutoZone Stores, Inc.*

OF COUNSEL:
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile:  205-458-5100
mlucas@burr.com
gbusby@burr.com
bmetheny@burr.com
awilkes@burr.com
scwilliams@burr.com
mscully@burr.com
chilson@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of Defendants' Brief in Support of Their Motion for Summary Judgment as to 485 Opt-Ins whose Claims are Barred by the Three-Year Statute of Limitations by Notice of Electronic Filing or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 27th day of August, 2019:

Rocco Calamusa, Jr.
Kevin W. Jent
Wiggins, Childs, Pantazis, Fisher & Goldfarb LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203-3204

John A. Wilmer
Walter A. Kelley
Wilmer & Lee, P.A.
100 Washington Street, Suite 200
P.O. Box 2168
Huntsville, Alabama  35804

Mitchell K. Shelly
James M. Coder
Alexander, Corder & Shelly, P.C.
215 S. Jefferson Street
Athens, Alabama  35611

*s/ K. Bryance Metheny*
OF COUNSEL