## IN UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| HOPE M. CARR, DWIGHT BRYANT, JR., ALLEN S. MOBLEY, JR., MARK W. CLARK, JR., AND PAUL LOY, on behalf of themselves and other persons similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 5:15-cv-00356-AKK |
| AUTOZONERS, LLC, and AUTOZONE STORES, INC., ) ) ) ) | |
| Defendants. ) | |

## <u>DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AS TO 705 OPT-INS WHOSE CLAIMS ARE BARRED BY THE TWO-YEAR STATUTE OF LIMITATIONS</u>

COME NOW Defendants AutoZoners, LLC and AutoZone Stores, Inc. ("Defendants" or "AutoZone") and submit this brief in support of Defendants' Motion for Summary Judgment as to seven hundred five (705) Opt-Ins[1] whose claims are barred by the Fair Labor Standards Act ("FLSA") two-year statute of limitations:

## I. <u>INTRODUCTION</u>

The Plaintiffs identified in Exhibits A and B to Exhibit 1 and in ¶13 below did not work for AutoZone as a Store Manager during the two-year period preceding

---

[1] For ease of reference the 705 opt-ins who are the subject of this motion will be referred to collectively as Plaintiffs.

their consent filing.  Thus, the application of the FLSA's two-year statute of limitations period bars the claims of these Plaintiffs.  29 U.S.C. § 255(a); 29 C.F.R. § 790.21(a)(1).  Further, these Plaintiffs cannot establish a willful violation, which would require the application of the FLSA's three-year statute of limitations.  *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Finally, there are no "extraordinary circumstances" that warrant equitable tolling of the statute of limitations.  Thus, AutoZone is entitled to summary judgment as to these Plaintiffs' claims.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     Plaintiffs filed this collective action on February 27, 2015, and assert Defendants improperly classified current and former Store Managers as exempt under the FLSA.  (Doc. 1).

2.     On May 21, 2015, Plaintiffs filed their initial Motion for Conditional Certification and Court Authorized Notice.  (Doc. 12).

3.     On June 10, 2015, the Court granted Defendants' Motion to Stay Consideration of Plaintiffs' Motion for Conditional Class Certification, and ordered the parties to confer and provide a proposed schedule for a "limited period of class-based discovery."  (Doc. 21).

4.     Thereafter, the parties submitted their Report of Parties' Planning Meeting and jointly proposed a September 30, 2015 deadline to complete class-

based discovery, and an October 30, 2015 deadline for Plaintiffs to re-file or supplement their Motion for Conditional Certification and to Facilitate Notice Pursuant to § 216(b) of the FLSA.  (Doc. 22).

5.     On October 29, 2015, the Court entered a Scheduling Order setting a December 30, 2015 deadline to complete class-based discovery, and a January 30, 2016 deadline for Plaintiffs to re-file their motion for conditional certification.  (Doc. 35).

6.     Plaintiffs re-filed their motion for conditional certification on January 29, 2016 (Doc. 38), and, after briefing extensions were granted to both Plaintiffs and Defendants, Plaintiffs' motion was under submission as of April 4, 2016 (Doc. 56).

7.     On September 14, 2016, the Court conditionally certified a class of "all individuals who were employed as Store Managers from July 16, 2008 to February 27, 2012, who filed opt-in consents" in the *Michael L. Taylor v. AutoZone, Inc.* case and whose claims were tolled pursuant to the tolling order agreed to by the parties and entered by the *Taylor* court.  (Doc. 67; *see also* Docs. 41, 73 and 69-1).

8.     The *Michael L. Taylor v. AutoZone, Inc*., Case No.: 3:10-cv-08125-FJM, case was filed on July 16, 2010, in the U.S. District Court of Arizona (*Taylor* Doc. 1); it was certified as a collective action on May 24, 2011 (*Taylor* Doc. 67); all Store Managers who worked for AutoZone during the relevant period (excluding California) were sent notice and approximately 1,500 then current and former Store

Managers opted-in (*Taylor* Doc. 312, p. 5); the trial judge granted summary judgment in AutoZone's favor (which was later reversed on appeal) (*Taylor* Docs. 278, 309); the four named plaintiffs settled their individual claims shortly before trial (*Taylor* Doc. 362); the class was decertified (*Id.*); and on January 20, 2015, the claims of the opt-ins were dismissed without prejudice (*Id*).

a. Pursuant to the *Taylor* "tolling agreement," any plaintiffs who previously filed a consent in the *Taylor* case would, as of the January 20, 2015 dismissal date, carry with them whatever rights they had relative to the tolling of the statute of limitations.  (*See Taylor* Doc. 366, at pp. 40-41).

b. In its Order dismissing the *Taylor* case, the court stated, "Counsel for Plaintiffs have an obligation to give notice to the dismissed opt-ins of their settlement, the reasons supporting it, options available to pursue, if they choose to, their dismissed claims and deadlines in which to do it."  (*Taylor* Doc. 362, at p. 2).

c. Following dismissal of the case, counsel for the *Taylor* plaintiffs sent a letter to the opt-ins informing them of their right to reassert their claim in another jurisdiction and "reminding them…where they stand with respect to the statute of limitations…if they chose to file elsewhere."  (*See* Taylor Doc. 366, p. 28).

d. *Taylor* opt-ins who filed consent forms in this case testified they received a letter following the *Taylor* case dismissal informing them they could continue to pursue their FLSA claims against AutoZone.  (Doc. 45-2, Cottrell Depo.

at 10:10-11:1; Doc. 46-3, Loveday Depo. at 39:15-21; Doc. 46-4, Maginelli Depo. at 98:22-99:9; Doc. 46-5, Mobley Depo. at 137:5-8; Doc. 46-7, Rosales Depo. at 9:12-14; Doc. 45-1, Bryant Depo. at 156:3-20; Doc. 46-6, Moore Depo. at 5:12-7:18; Doc. 45-3, Davis Depo. at 94:19-97:3; Doc. 45-4, Elateek Depo. 9:24-15:5).

9.      On June 8, 2017, the Court approved the parties' plan to facilitate notice (Doc. 73), and the Third Party Administrator mailed notice to the class on July 21, 2017.   (See Ex. 3, July 24, 2017 Email from Jillene Weide).

10.     The parties agreed that for plaintiffs not named in the original complaint, the opt-in date for purposes of the statute of limitations is the date on which the Third Party Administrator received the Opt-In's executed consent form. (Doc. 73; *see* Doc. 69-1 at 5).

11.     One Thousand Six Hundred Nineteen (1619) total Plaintiffs have joined the case – 48 consent forms were filed by former *Taylor* plaintiffs prior to Plaintiffs' initial May 21, 2015 certification motion; another 10 consent forms (9 of which were by former *Taylor* plaintiffs) were filed before Plaintiffs' January 29, 2016 certification motion; another 4 consent forms (1 of which was by a former *Taylor* plaintiff ) were filed before the Court approved notice; 1571 consent forms (267 of which were by former *Taylor* plaintiffs) were received by the Third Party

Administrator after notice was mailed.[2] (Docs. 2, 9, 11, 17-18, 24, 29-30, 32, 37, 65-66, 71, 74-77).

12.     The Seven Hundred Four (704) Plaintiffs who are the subject of this Motion last worked as a Store Manager employed by Defendants more than two years before their opt-in consent forms were filed as shown in Exhibits A and B to the Declaration of Laurie Sharitt, Ex. 1.   (*See also* Ex. 2, Declaration of Lydia Smith).  Also included in Exhibits A and B are the dates Plaintiffs' opt-in consent forms were received by the Third Party Administrator and/or filed with the Court as well as the dates of the opt-ins were employed by AutoZone as a Store Manager.

13.     In addition, Francisco Rodriguez, whose consent was received by the Third Party Administrator on May 19, 2017, has never worked for AutoZone as a Store Manager.   (*See* Ex. 2, Declaration of Lydia Smith ¶ 5).

14.     In the late 1990s, AutoZone acquired California-based Chief Auto Parts ("Chief").  (Ex. 3, Declaration of Alison Smith, ¶ 3).

15.     At that time, both Chief and AutoZone classified Store Managers as exempt, and lawsuits had been filed against Chief in California claiming that Store Managers were improperly classified as exempt under California law, which imposes different standards for overtime exemptions than the FLSA.  (*Id. ¶* 4).

---

[2] Some Plaintiffs filed multiple consent forms.

16.     AutoZone assessed the job duties and responsibilities of the Store Manager position outside of California and Puerto Rico to determine whether the position was exempt.  (Ex. 4, Dan Barber Deposition (Nov. 9, 2018), at 24:21-28:6, 51:15-52:4).

17.     Dan Barber, the then AutoZone Director of Compensation, made the determination that Store Manager positions were exempt based on his direct observations of Store Managers working in their stores, as well as by discussions with knowledgeable AutoZone management employees.  (*Id.* 30:16-25, 32:18-33:10, 34:16-24, 41:13-18).

18.     Based on the litigation in California, in the early 2000s AutoZone's outside counsel at Littler Mendelson, P.C. recommended that AutoZone change the classification for California Store Managers to non-exempt, but advised AutoZone that its Store Managers outside California were properly classified as exempt under the FLSA, which is less stringent than California law.  Specifically, California state law prohibits an employer from designating a position as exempt if the employee spends a majority of his or her time performing non-exempt tasks or duties.  To the contrary, the FLSA recognizes the concurrent performance of exempt and non-exempt duties and permits an employer to designate a position as exempt regardless of the amount of non-exempt tasks or duties performed so long as the employee continues managing and/or supervising while performing non-exempt work.  (Ex. 3,

Alison Smith Dec. ¶ 5; Ex. 5, Dan Barber Deposition (Feb. 16, 2011) at 28:21-29:6, 31:7-32:12, 37:5-40:19; Ex. 4, Dan Barber Deposition (November 9, 2018) at 24:1-20).

19.    On August 31, 2015, the United States District Court for the Northern District of Alabama entered its order holding that an AutoZone Assistant Store Manager position was exempt.  (Ex. 6, *Colfield v. AutoZone Stores, Inc.*, Mem. Op., Case No. 2:02-cv-2436-RDP (N.D. Ala. August 31, 2015)).

20.    Despite the Court's ruling in AutoZone's favor, AutoZone on the advice of counsel made the decision to classify Assistant Managers as non-exempt moving forward to reduce the likelihood of future lawsuits concerning the Assistant Manager position.  (Ex. 3, Alison Smith Dec. ¶ 7).

21.    AutoZone continued to consult with outside counsel with various firms from time-to-time regarding the exempt status of its job positions, including the Store Manager position.  AutoZone never received an opinion from its outside counsel that it would be prudent to classify the Store Manager position as non-exempt.  (*Id.* ¶ 7).

22.    The Department of Labor has never found that AutoZone was in violation of the FLSA with respect to its classification of Store Managers as exempt. (*Id.* ¶ 8).

23.     On May 13, 2016, the United States District Court for the Western District of Virginia entered its order holding that an AutoZone Store Manager's position was exempt.  (Ex. 7, *Smith v. AutoZone, Inc.,* 2016 WL 4718184 (W.D. Va. May 13, 2016)).

## III. <u>ARGUMENT</u>

### A.     These Plaintiffs' Claims Are Barred By The Two-Year Statute Of Limitations.

The FLSA establishes a two-year statute of limitations.  29 U.S.C. § 255(a). The 705 Plaintiffs who are the subject of Defendants' Motion have not worked as Store Managers for Defendants during the two years prior to the date their opt-in consent forms were filed.  (Facts, ¶¶ 12-13).  Thus, their claims are barred by the application of the FLSA's two-year statute of limitations, 29 U.S.C. § 255(a), and summary judgment should be entered in favor of Defendants as to the claims asserted by these Plaintiffs.

### B.     The Three-Year Statute Of Limitations Is Not Applicable As Plaintiffs Cannot Establish A Willful Violation.

The FLSA provides a three-year statute of limitations only when a plaintiff can establish a willful violation. 29 U.S.C. § 255(a).  The Supreme Court has held the standard for willfulness under the FLSA is "that the employer either knew or had reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (stating that

"willful" is synonymous with "voluntary," "deliberate," and "intentional"). "The fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations." *Id.* at 132. "[N]either negligence, nor even unreasonable conduct, is sufficient to prove willfulness." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 Fed. Appx. 897, 903 (11th Cir. 2012). "The Eleventh Circuit is hesitant to find 'willful' behavior on the part of employers, even when presented with strong evidence of an employer's violation of the FLSA." *Saxton v. Young*, 479 F. Supp. 2d 1243, 1253 (N.D. Ala. 2007) (citing *Reich v. Dep't of Conservation & Natural Res., State of Ala.*, 28 F.3d 1076 (11th Cir. 1994)).

The Court cannot presume willfulness in the absence of supporting evidence, and Plaintiffs cannot produce sufficient evidence to satisfy their burden of proving that Defendants willfully violated the FLSA. *See McLaughlin*, 486 U.S. at 133 (plaintiff must prove willfulness by a preponderance of the evidence); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990) (no presumption of willfulness); *Huggins v. United States*, 2005 WL 6112625, at *9 (Fed. Cl. Aug. 16, 2005) (stating that "[t]he legal standard of willfulness under the FLSA is a lofty

one").   Summary judgment is appropriate on the statute of limitations when the undisputed facts establish that the plaintiff cannot prove willfulness.[3]

## C.   Defendants Are Entitled To Summary Judgment As To Willfulness Because The Relevant Case Law Supports Autozone's Classification Decision.

Plaintiffs cannot establish Defendants' conduct was willful.  The Department of Labor has never found that Defendants were in violation of the FLSA with respect to its classification of Store Managers as exempt,[4] and the plain language of the FLSA regulations[5] as well as multiple case decisions support the application of the executive and/or administrative exemption to Defendants' Store Managers.[6]

---

[3] *See, e.g.*, *Kaplan v. Code Blue Billing & Coding, Inc.*, 504 Fed. Appx. 831, 833-34 (11th Cir. 2013); *Stevenson v. Great American Dream, Inc.*, No. 12-cv-3359, 2015 WL 2353094, at *2-3 (N.D. Ga. May 15, 2015); *Hicks v. Mercedes-Benz U.S. Int'l, Inc.*, 2012 WL 13024414, at *7 (N.D. Ala. Feb. 16, 2012); *Saxton*, 479 F. Supp. 2d at 253-54; *Letcher v Crawford Indus. Group, LLC*, 2007 WL 1521520, at *1 (M.D. Fla. May 23, 2007); *Lockaby v. Top Source Oil Analysis, Inc.*, 998 F. Supp. 1469, 1471-72 (N.D. Ga. 1998) (granting summary judgment on willfulness where "it is clear that plaintiff's employment duties were at least sufficiently close to fitting within the criteria for the exemption that defendant's failure to pay her overtime cannot, without more, be found to demonstrate a reckless disregard for its obligations under the FLSA.").

[4] Ex. 3, Alison Smith Dec. ¶ 8.

[5] Randy O'Neal, a wage and hour consultant who worked for the Department of Labor for 40 years and is serving as an expert witness for Defendants in this matter, opined that AutoZone properly classified Store Managers as exempt under the executive exemption, which is further evidence that AutoZone did not act willfully.  *See* Ex. 8, Randall G. O'Neal Expert Witness Report (Oct. 15, 2018).

[6] It is common in the retail context to classify store managers and assistant managers as exempt.  *See, e.g.*, *Diaz v. Team Oney, Inc.*, 291 Fed. Appx. 947 (11th Cir 2008) (finding the store manager, the highest ranking employee, of two Papa John's pizza restaurants fell under the executive exemption even though he would often perform less important non-managerial tasks such as making and cutting pizza, routing pizza deliveries, greeting customers, and cleaning the store); *Wagner v. Murphy Oil USA, Inc.*, 139 Fed. Appx. 131 (11th Cir. 2005) (affirming jury's finding that store manager was exempt from FLSA according to the executive exemption); *In re*

In *Smith v. AutoZone, Inc.*,[7] the District Court for the Western District of Virginia conducted a thorough and detailed review of the job duties and discretion given to AutoZone's Store Managers, and held that AutoZone properly classified a former Store Manager as exempt from the FLSA's overtime provisions pursuant to the executive exemption.[8]   *See* Ex. 7, *Smith v. AutoZone, Inc.*, 2016 WL 4718184

---

*Family Dollar FLSA Litig.*, 2011 WL 989558 (4th Cir. 2011) (finding a store manager for a nationwide retail chain who spent "99 percent" of her time performing nonexempt duties was an exempt executive because her primary duty was management); *Murray v. Stuckey's, Inc.*, 50 F.3d 564 (8th Cir. 1995) (reasoning store managers were properly classified as executives under the FLSA because the employer's use of standardized procedures and oversight by regional managers did not remove their discretionary power); *Donovan v. Burger King Corp.*, 675 F.2d 516 (2nd Cir. 1982) (holding assistant managers properly classified as exempt); *Hadjiev v. Frenchman's Creek Beach & Country Club*, 2018 U.S. Dist. LEXIS 33701 (S.D. Fla. 2018) (finding the plaintiff's primary duty was management and as such, the executive exemption applied and the plaintiff was exempt from the FLSA overtime requirements); *Byers v. Petro Servs., Inc.*, 110 F. Supp. 3d 1277, 1281 (S.D. Fla. 2015) (finding because a store manager had substantial influence over the hiring and firing of other employees, the employee's primary duty was management and therefore he was exempt from FLSA overtime requirements); *Calvo v. B & R Supermarket, Inc.*, 63 F. Supp. 3d 1369 (S.D. Fla. 2014) (finding the assistant manager was exempt from the overtime provisions of the FLSA because her primary role was managerial and her recommendations were given near-conclusive weight); *Shabazz v. Burlington Coat Factory Warehouse Corp.*, 2013 WL 12121326 (N.D. Ga. Feb. 12, 2013) (finding the plaintiff exempt under the FLSA executive exemption because even though she routinely performed non-managerial tasks, nonetheless she performed her managerial duties concurrently); *Phillips v. Tacala, LLC*, 883 F. Supp. 2d 1138, 1155 (N.D. Ala. 2012) (finding plaintiff fell under the executive employee exemption while she was working as an assistant general manager of a restaurant because she concurrently acted in a managerial capacity as she was performing non-exempt duties); *Brillas v. Bennett Auto Supply, Inc.*, 675 F. Supp. 2d 1164, 1168 (S.D. Fla. 2009) (reasoning employee's primary duty was management of the store and therefore, the employee was exempt from the FLSA overtime requirements); *Jackson v. Advance Auto Parts, Inc.*, 362 F. Supp. 2d 1323, 1334 (N.D. Ga. 2006) (assistant managers deemed exempt executive for auto parts retailer); *Moore v. Tractor Supply Co.*, 352 F. Supp. 2d 1268 (S.D. Fla. 2004) (store manager's primary duties were managerial and therefore fell under the FLSA executive exemption).

[7] The *Smith* case was an individual lawsuit filed by a former opt-in plaintiff in the *Michael L. Taylor v. AutoZone, Inc.* case who was eligible to join this action as an Opt-in Plaintiff.

[8] In *Taylor*, in District Court granted AutoZone's motion for summary judgment and held that Store Managers were exempt under the executive exemption.  2012 WL 254238, at *7 (D.

(W.D. Va. May 13, 2016). (Facts, ¶ 23). Plaintiffs cannot establish Defendants' classification of its Store Manager position was a willful violation of the FLSA when the only recent reported court decision held that the Store Manager position was exempt.

If *Smith* does not foreclose Plaintiffs' willfulness argument, Ex. 6, *Cofield v. AutoZone Stores, Inc.*, Mem. Op., Case No.: 2:02-CV-2436-RDP (N.D. Ala. Aug. 31, 2005), is its death knell. In *Cofield*, Judge Proctor similarly analyzed the plaintiff's job duties and AutoZone's operations and held that AutoZone properly classified its **Assistant Managers**, a level of employee below Store Manager, as exempt executive employees. (Facts, ¶ 19). If that were not enough, Judge Proctor

---

Ariz. Jan. 27, 2012). The Ninth Circuit later reversed on the basis of "conflicting evidence" that precluded judgment as a matter of law. 572 Fed. Appx. 515, 516 (9th Cir. 2014). In *Smith*, the District Court distinguished the Ninth Circuit's reversal in *Taylor* as follows:

> For several reasons, the court does not find <u>Taylor</u> controlling. First, the panel opinion is relatively brief, and offers little insight into what "conflicting evidence" warranted reversal of the district court. Second, the Ninth Circuit's decision was decided without reference to <u>Family Dollar I</u>, <u>Jones</u>, and other Fourth Circuit precedent that controls this court. Third, <u>Taylor</u> was conditionally certified as a collective action by the district court, and the summary judgment record in that case was burdened with evidence from a wide range of parties, including multiple store managers from across the country. In contrast, the record here involves evidence from a single store manager in Virginia. Finally, FLSA exemption claims are necessarily fact-specific, and Smith has offered no evidence that the facts in <u>Taylor</u> mirror those in his case. <u>See</u> <u>Family Dollar I</u>, 637 F.3d at 512 (noting that courts "cannot assume" that facts from an earlier FLSA action are identical to those in later actions, even where a later case involves the same employer and similarly-situated plaintiff-employees). Accordingly, this court does not find that <u>Taylor</u> precludes summary judgment on the facts presented here.

*Smith*, 2016 WL 4718184, at *16 n. 7.

held that AutoZone did not willfully violate the FLSA by its classification of Assistant Managers "given the volume of jurisprudence supporting AutoZone's classification." *Cofield*, Aug. 31, 2005 Mem. Op,. at 28.  In light of these federal court opinions (and the total absence of any contrary authority), which holds that AutoZone properly classified both its Store Managers and Assistant Managers as exempt, Defendants acted "reasonably in determining its legal obligations" and "[their] actions cannot be deemed willful" as a matter of law. *McLaughlin*, 486 U.S. at 135.

### D. Defendants Acted In Good Faith By Consulting With Outside Counsel To Determine If Its Classification Of Store Mangers As Exempt Was Proper.

Defendants consulted with outside counsel to determine the appropriate classification for Store Managers.  In the late 1990s, AutoZone acquired California-based Chief Auto Parts ("Chief").  (Facts, ¶ 14).  At that time, both Chief and AutoZone classified Store Managers as exempt, and lawsuits had been filed against Chief in California claiming that Store Managers were improperly classified as exempt under California law, which imposes different standards for overtime exemptions than the FLSA.  (Facts, ¶ 15).  Based on the litigation in California, in the early 2000s AutoZone's outside counsel at Littler Mendelson, P.C. ("Littler Mendelson") recommended that AutoZone change the classification for California Store Managers to non-exempt, but advised AutoZone that its Store Managers

outside California were properly classified as exempt under FLSA, which is less stringent than California law.[9]   (Facts, ¶ 18).   Thereafter, AutoZone continued to consult with outside counsel with various firms from time-to-time regarding the exempt status of its job positions, including the Store Manager position.[10]   (Facts, ¶ 21).   AutoZone never received an opinion from its outside counsel that the Store Manager position should be classified as non-exempt anywhere outside of California or Puerto Rico.   (Facts, ¶¶ 21-22).   Numerous courts have granted summary judgment for lack of willfulness where, as here, the employer relied upon counsel's advice regarding compliance with the FLSA's requirements.[11]

---

[9] Specifically, California state law prohibits an employer from designating a position as exempt if the employee spends a majority of his or her time performing non-exempt tasks or duties. Alison Smith Dec. ¶ 5.   To the contrary, the FLSA recognizes the concurrent performance of exempt and non-exempt duties and permits an employer to designate a position as exempt regardless of the amount of non-exempt tasks or duties performed so long as the employee continues managing and/or supervising while performing non-exempt work.   *Id.*

[10] In addition to reviewing the Store Manager position, in the 2000s AutoZone's outside counsel also reviewed whether AutoZone's Assistant Manager position was properly classified as exempt under the FLSA.   Ex. 3, Alison Smith Dec. ¶ 6.   Although Judge Proctor determined in the *Cofield* case that AutoZone properly classified the Assistant Manager position as exempt, AutoZone on the advice of counsel made the decision to classify Assistant Managers as non-exempt moving forward to reduce the likelihood of future lawsuits concerning the Assistant Manager position. *Id.*

[11] *See, e.g., Caribou Coffee Co.*, 2007 WL 1170770, at *3-5 (D. Minn. Apr. 19, 2007) (granting summary judgment on lack of willfulness where employer reviewed its exemption classification with counsel); *Halferty v. Pulse Drug Co.*, 826 F.2d 2, 3-4 (5th Cir. 1987) (affirming summary judgment for employer on willfulness issue where employer consulted its attorney regarding FLSA compliance); *Garcia v. Allsup's Convenience Stores, Inc.*, 167 F. Supp. 2d 1308, 1316 (D. N.M. 2001) ("Where the employer makes a bona fide effort to consult knowledgeable professionals on the application of the [FLSA], any resulting violation is not willful unless their advice is wilfully ignored."); *Redmond v. Chains, Inc.*, 996 P.2d 759, 763 (Colo. App. 2000) ("Because defendants consulted an attorney and performed a reasonable, good faith investigation

For purposes of this motion, it does not matter whether AutoZone's legal counsels' opinions were correct (and they were), or even whether they were reasonable (and they were). The Supreme Court in *McLaughlin* made clear that an FLSA violation is not willful "[i]f an employer acts unreasonably, but not recklessly, in determining its legal obligation ...." *McLaughlin*, 486 U.S. at 135 n. 13. Indeed, even an employer's "grave error" in interpreting its legal obligations is not sufficient to support a finding of willful violation. *Ball v. District of Columbia*, 795 F. Supp. 461, 467 (D.D.C. 1992) ("While the Court finds the District of Columbia made a grave error [in interpreting the regulations], it does not find that the error was made with reckless disregard for the law.").

### E.   Defendants Acted In Good Faith By Internally Reviewing The Store Manager Position To Determine If Its Classification Of Store Mangers As Exempt Was Proper.

Defendants acted in good faith by internally reviewing the Store Manager position to determine if it was properly classified as an exempt position. Dan Barber, AutoZone's former Director of Compensation, testified that in the early 2000s AutoZone assessed the job duties and responsibilities of the Store Manager position outside California and Puerto Rico to determine whether the position was exempt under the FLSA. (Facts, ¶ 16). Specifically, Barber testified that he made the

---

into their obligations under the FLSA, their violations of the FLSA, if any, were not willful.").

determination that Store Managers were exempt based on his direct observation of Store Mangers working in their store, as well as through discussions with AutoZone management employees who were highly knowledgeable of AutoZone's store operations and the job duties performed by Store Managers.  (Facts, ¶ 17).   Barber relied on the extensive expertise of management employees who worked with Store Managers on a day-to-day basis and were deeply familiar with the field operations to support his conclusion that Store Managers have the authority and discretion to make management decisions and operate their stores without direct supervision.  *Id.*

In light of the factual circumstances, there is no basis for concluding that Defendants' classification of its Store Managers as exempt employees was unreasonable, much less reckless.  Plaintiffs cannot establish that Defendants willfully violated the FLSA.  As a result, the applicable statute of limitations is two years, and summary judgment is due to be granted as to the claims of these seven hundred five (705) Plaintiffs.

### F.     <u>Equitable Tolling Does Not Apply.</u>

Defendants understand that Plaintiffs intend to argue equitable tolling in response to Defendants' summary judgment motion based on the statute of limitations.  Plaintiffs cannot meet their burden to show equitable tolling of the statute of limitations is warranted.[12]  Equitable tolling is an "extraordinary remedy

---

[12]  *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993).

which should be extended only sparingly."[13]  The party seeking tolling must prove:

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing."[14]  Courts in the Eleventh

Circuit have noted three instances in which equitable tolling may be appropriate:

"(1) when the defendant misleads the plaintiff into permitting the statutory period to

lapse, (2) when the plaintiff has no reasonable way of discovering the wrong against

himself, or (3) when the plaintiff timely files a technically defective pleading in light

of proper diligence."[15]  Plaintiffs cannot establish that any of these circumstances

exist.

Courts are unwilling to allow equitable tolling in instances where plaintiffs

are generally aware of their rights but do not act on those rights within the statutory

period.[16]  Equitable tolling also does not apply to "garden variety" claims of

---

[13] *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993); *Wallace v. Kato*, 549 U.S. 384 (2007).

[14] *Villarreal v. R.J. Reynolds Tobacco Co*., 839 F.3d 958, 971 (11th Cir. 2016) (quotations omitted).

[15] *See, e.g., Cox v. Sears, Roebuck & Co.*, No. 91-259-CIV-T-17, 1994 WL 143019, at *3 (M.D. Fla. Mar. 31, 1994), *aff'd*, 69 F.3d 550 (11th Cir. 1995); *Cameron v. Dep't of Veterans Affairs, Sec'y*, No. 2:09-CV-1296-AKK, 2010 WL 11562041, at *1 (N.D. Ala. June 8, 2010) ("Extraordinary circumstances typically involve fraud, misinformation, or deliberate concealment by the defendant.").

[16] *Whitefield v. Career Training Institute*, No. 3:15-CV-518-HES-MCR, 2016 WL 8943171 (M.D. Fla. June 1, 2016) *citing McBrayer v. Marietta*, 967 F.2d 546, 548 (11th Cir. 1992) (declining to toll the statute of limitations because plaintiffs had ample notice of filing requirements under the law).

excusable neglect, and "[i]gnorance of the law usually is not a factor that can warrant equitable tolling."[17]  The appropriate inquiry is whether "the facts supporting a cause of action became apparent or should have become apparent to a reasonably prudent person with concern for his or her rights."[18]

Here there has been no showing that any of the Plaintiffs have been induced to refrain from filing a timely claim, and there are no facts indicating the Plaintiffs lacked knowledge of their exempt status as AutoZone Store Managers.  In fact, in addition to the initial notice, the *Taylor* opt-ins (per the parties' tolling agreement) received letters following the dismissal and decertification of the *Taylor* case informing them of their right to file another lawsuit and where they stood with respect to the statute of limitations.  (Facts, ¶ 8.a.-d.).  Each potential opt-in had the opportunity to file an individual action (as several did) under the FLSA.  Moreover, sixty (60) Plaintiffs filed consent forms to join this case, including three who did not previously participate in the *Taylor* action, even before the court-approved notice was issued.  (Facts, ¶ 11).  Equitable tolling is not generally permitted under these circumstances.[19]

---

[17] *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2008 WL 700174, at *3 (S.D. Fla. Mar. 13, 2008); *Justice*, 6 F.3d at 1479–80; *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 970 (11th Cir. 1997).

[18] *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1267 (11th Cir. 2003).

[19] *See, e.g.*, *Young v. Dollar Tree Stores*, No. 11-cv-1840, 2013 WL 1223613 (D. Colo. Mar. 25 2013) (denying plaintiffs' motion to toll the statute of limitations because "potential opt-

To the extent Plaintiffs argue that the passage of time between the filing of their motion for conditional certification and notice being sent to potential opt-ins is an extraordinary circumstance that justifies equitable tolling, that argument fails. Courts have routinely declined to toll the statute of limitations where delay results from proceedings necessary to obtain conditional certification or from other risks of litigation because litigation delays are not unusual.[20]  Furthermore, there is no basis for equitable tolling on the basis of ordinary litigation delays because Plaintiffs:  (1) could have filed individual FLSA actions at any point during the applicable

---

in plaintiffs are presumed to be aware of the facts and circumstances of their employment with Dollar Tree, and it is those facts and circumstances that allegedly form the basis of each plaintiff's FLSA claim against Dollar Tree."); *Mills, et al. v. Adams*, 2014 WL 1340758, *2 (M.D. Ga. Apr. 3, 2014) (finding equitable tolling inappropriate when there was no showing that the potential plaintiffs were reasonably induced to refrain from filing a timely claim and they had all the information needed to file a FLSA claim); *In re Tyson Foods, Inc*. 2008 WL 4613654, *3 (M.D. Ga. Oct. 15, 2008) (same).

[20] *See, e.g.*, *Sandoz v. Cingular Wireless, L.L.C.*, 700 Fed. Appx. 317, 321 (5th Cir. 2017) (declining to transform "routine litigation" into an extraordinary circumstance warranting equitable tolling); *Rojas, et al. v. Garda CL Southeast, Inc*., 297  F.R.D. 669, 679-80 (S.D. Fla. 2013) (denying plaintiffs' motion for equitable tolling of the limitations period for the 31-day extension defendant received to respond to the motion for conditional certification); *Vargas v. General Nutrition Centers, Inc*., 2012 WL 5336166, *6-8 (W.D. Pa. Oct. 26, 2012) (denying plaintiffs' motion for equitable tolling for the 4 month period of discovery necessary for ruling on their motion for conditional certification); *Muhammad v. GBJ, Inc*., 2011 WL 863785, *1 (S.D. Tex. Mar. 9, 2001) (refusing to equitably toll the statute of limitations for an FLSA action when the only circumstance cited by plaintiff to warrant the remedy was the need for limited discovery to determine whether certification is appropriate).

limitations period (and four did),[21] or could have opted-in to the collective action before notice was sent (and 60 did).[22]

The passage of time awaiting ruling on a motion for conditional certification is expected and is the reality of Congress's choice to keep the statute of limitations running until each opt-in plaintiff files his or her consent form -- an action that often does not occur until after a class is conditionally certified and notice is sent. *See* 29 U.S.C. § 256(b). Indeed, the Eleventh Circuit has explained that the FLSA statute of limitation evidences Congress's "concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint."

---

[21] *See Eremah v. AutoZone Stores, LLC*, Civil Action No. DKC 15-0342 (D. Maryland 2015); *Cyr v. AutoZone Parts, Inc.*, Civil Action No. 1:15-cv-00139-GZS (D. Maine 2015); *Barquero v. AutoZoners, LLC*, Civil Action No. 4:15-cv-00749 (D. Maine 2015); *Anthony Smith v. AutoZone, Inc.*, Civil Action No. 7:15-cv-00183-MFU (W.D. Va. 2015).

[22] *See, e.g.*, *Palma v. MetroPCS Wireless, Inc.*, No. 8:13-CV-698-T-33MAP, 2013 WL 6836535, at *2 (M.D. Fla. Dec. 26, 2013); *Bobbitt v. Broadband Interactive, Inc*., No. 8:11–cv–2855, 2012 U.S. Dist. LEXIS 96551, at *7–8, 2012 WL 2872846 (M.D. Fla. July 12, 2012); *Lytle v. Lowe's Home Centers, Inc*., No. 8:12-CV-1848-T-33TBM, 2014 WL 103463, at *7 (M.D. Fla. Jan. 10, 2014); *Pendlebury*, 2008 WL 700174, at *4 ("The fact that Plaintiffs did not receive notice of the pendency of a collective action prior to the expiry of the limitations period was not the consequence of "inequitable circumstances.' Any of the Plaintiffs could have brought individual actions within the three year time period allowed by the FLSA. These opt-in Plaintiffs were not hindered due to fraud or misrepresentation from discovering that they might have a colorable claim for relief. Indeed, with diligence, any of these Plaintiffs could have filed individual (or collective) actions within the limitations period."); *Mills v. OK Sun Adams*, No. 4:13-CV-162 CDL, 2014 WL 1340758, at *2 (M.D. Ga. Apr. 3, 2014) (no equitable tolling because no "inequitable event prevented putative class members from opting in to this action or filing a separate timely FLSA action."); *Allen v. Hartford Fire Ins. Co*., No. 616-CV-1603, 2017 WL 3701139, at *9 (M.D. Fla. Aug. 25, 2017) (no equitable tolling because putative FLSA class members could file complaint).

*Grayson v. Kmart Corp.*, 79 F.3d 1086, 1107 (11th Cir. 1996).  Courts have regularly held that a lengthy delay in ruling on a motion for FLSA class certification is insufficient to justify equitable tolling.[23]  Likewise, courts have held that the grant of pre-certification discovery[24] or short stays in the FLSA collective action context do not warrant tolling.[25]  Even a delay in approving notice to potential FLSA class members has been found insufficient to justify tolling.[26]  Accordingly, equitable tolling does not apply.

---

[23] *See, e.g.*, *Lockwood v. CIS Services, LLC*, N. 3:16-cv-965, 2018 WL 8559245, at *2-3 (ten-month period to rule on plaintiffs' motion for conditional certification did not justify tolling); *Chance v. E.I. DuPont De Nemours Co.*, No. 1:16-CV-376, 2017 WL 7051069, at *10 (E.D. Tex. Dec. 11 2017) (delay resulting from defendant defending against certification motion does not warrant equitable tolling); *Czopek v. TBC Retail Grp., Inc.*, No. 8:14-CV-675-T-36-TBM, 2015 WL 12915566, at *2 (M.D. Fla. Aug. 7, 2015) ("To date, a little more than seven months has passed since the motion was filed. This length of time is in no way unusual."); *Fiore v. Goodyear Tire & Rubber Co.*, No. 2:09-cv-843, 2011 WL 867043, *4 (M.D. Fla. Mar. 10, 2011) ("plaintiff has failed to demonstrate that extraordinary circumstances warrant tolling of the statute of limitations" even though it took the court nine months to grant the FLSA motion for conditional certification); *Love v. Phillips Oil, Inc.*, No. 3:08-cv-92, 2008 WL 5157677 (N.D. Fla. Dec. 9, 2008) (rejecting FLSA plaintiffs' request for equitable tolling when the motion for conditional certification was pending for nine months before being granted by the court);.

[24] *Mills*, 2014 WL 1340758, at *2; *Vargas v. Gen. Nutrition Centers, Inc.*, No. 2:10-CV-867, 2012 WL 5336166, at *6 (W.D. Pa. Oct. 26, 2012) (no equitable tolling despite numerous delays due to pre-certification discovery); *Muhammad*, 2011 WL 863785, at *2 (declining to apply tolling due to "the need for limited discovery to determine whether certification is appropriate" because such a need "is present in many FLSA actions").

[25] *Bryant v. Lakeview Ctr., Inc.*, No. 3:09CV263/MCR/MD, 2010 WL 11520205, at *3 (N.D. Fla. Sept. 8, 2010) (denying equitable tolling despite case being stayed "from August 4, 2009…."); *Mills*, 2014 WL 1340758, at *1 (M.D. Ga. Apr. 3, 2014) (court stayed litigation until receipt of notice by putative class members but refused to equitably toll the statute of limitations); *McPherson v. Leam Drilling Sys., LLC*, No. 4:14-CV-02361, 2015 WL 12940018, at *2 (S.D. Tex. Sept. 30, 2015) (normal litigation delays did not warrant tolling); *Hernandez v. Sephora USA, Inc.*, No. 16-CV-05392-WHO, 2017 WL 6209308, at *5 (N.D. Cal. Dec. 8, 2017) (same).

[26] *Pendlebury*, 2008 WL 700174, at *3-4 (rejecting plaintiffs' argument that statute of limitations in FLSA action should be equitably tolled because it took the court six months to rule

## IV.  <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court grant their Motion for Summary Judgment and dismiss with prejudice the claims of the 704 Plaintiffs listed in Exhibit 1 to Defendants' Motion and the claims of Francisco Rodriguez, with costs taxed to Plaintiffs.

*s/ K. Bryance Metheny*
Michael L. Lucas (LUCAM0118)
Jennifer M. Busby (BUSBJ4965)
K. Bryance Metheny (METHK8183)
Amy Jordan Wilkes (JORDA2962)
Ronald D. Scott Williams (WILLR4335)
Matthew T. Scully (SCULM7800)
H. Carlton Hilson (HILSH7681)

*Attorneys for Defendants AutoZoners, LLC and AutoZone Stores, Inc.*

OF COUNSEL:
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile:  205-458-5100
mlucas@burr.com
gbusby@burr.com
bmetheny@burr.com
awilkes@burr.com
scwilliams@burr.com
mscully@burr.com
chilson@burr.com

---

on the motion for conditional certification and four months to approve the notice to the potential class members and noting the individuals could have filed their own suit).

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of Defendants' Brief in Support of Their Motion for Summary Judgment as to 705 Opt-Ins Whose Claims are Barred by the Two-Year Statute of Limitations by Notice of Electronic Filing or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 27th day of August, 2019:

Rocco Calamusa, Jr.
Kevin W. Jent
Wiggins, Childs, Pantazis, Fisher & Goldfarb LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203-3204

John A. Wilmer
Walter A. Kelley
Wilmer & Lee, P.A.
100 Washington Street, Suite 200
P.O. Box 2168
Huntsville, Alabama  35804

Mitchell K. Shelly
James M. Coder
Alexander, Corder & Shelly, P.C.
215 S. Jefferson Street
Athens, Alabama  35611

*s/ K. Bryance Metheny*
OF COUNSEL