UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HOPE M. CARR, DWIGHT BRYANT, JR., ALLEN S. MOBLEY, JR., MARK W. CLARK, JR., AND PAUL LOY, on behalf of themself and other persons similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 5:15-cv-00356-AKK |
| AUTOZONERS, LLC; AND AUTOZONE STORES, INC., | ) ) ) ) |
| Defendant. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO 485 OPT-INS WHOSE CLAIMS ARE BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS (DOC. 531)**

## I.  INTRODUCTION

Defendant's Motion for Summary Judgment on 485 Opt-in Plaintiffs' claims based on a two-year statute of limitations is due to be denied.[1] The evidence in this case supports the application of equitable tolling to prevent the statute of limitations from barring these Plaintiffs' claims. Therefore, Defendant's Motion for Summary Judgment is due to be denied in its entirety.[2]

---

[1] This motion is virtually identical to the motion to dismiss based on the 2 year statute of limitations, except that the facts and argument related to willfulness are not included in this motion. As a result, Plaintiff will only file 1 evidentiary submission for both responses.

[2] The Defendant has moved to dismiss 485 Plaintiffs in this motion. If the Court applies equitable tolling in part or in whole, then a determination will have to be made as to each Plaintiff's timeliness based on their termination date, opt-in date and the tolling date selected by the Court. Plaintiffs submit that the best way to determine this would be for the Court to allow the parties an opportunity to resolve each individual's statute of limitations eligibility based on the Court's rulings on willfulness and tolling.

## II. RELEVANT PROCEDURAL HISTORY

1. On July 16, 2010, a group of AutoZone Store Managers filed *Taylor et al., v. AutoZone, Inc.,* 3:10-cv-08125-FJM, alleging that they had been mis-classified as exempt employees and therefore were not paid overtime wages they were owed. PX 1 - Taylor Complaint.

2. *Taylor* was conditionally certified as a collective action on May 24, 2011. PX 2. Over 1,500 people opted into that case and the parties proceeded with discovery until the Court granted the defendant's motion for summary judgment on January 27, 2012. PX 3 - Taylor Doc 278.

3. The *Taylor* plaintiffs appealed this order and on May 12, 2014, the Ninth Circuit Court of Appeals reversed this decision, finding that the claims of the *Taylor* plaintiffs (which are identical to the claims brought by the current Named and Opt-in Plaintiffs) were improperly dismissed on summary judgment and that disputed issues of material fact required that the claims by tried by a jury. PX 4 - Taylor 9th Cir. Op. The Ninth Circuit's summary judgment ruling in *Taylor* is in line with the Eleventh Circuit's handling of similar store manager exemption cases and even cites these cases. *See e.g., Morgan v. Family Dollar*, 551 F.3d 1233,1249; *Rodriquez v. Farm Store Grocery, Inc.*, 518 F.3d 1259 (11th Cir. 2008).

4. On August 21, 2014, the *Taylor* Plaintiffs filed a motion to confirm certification of the class. PX 5 Taylor Docket 312. After briefing, the Arizona District Court granted the plaintiff's motion to certify at the second stage of the proceedings. PX 6

Taylor Doc. 319.

5. The *Taylor* parties then began preparing for trial. Each side filed a trial brief. PX 7 Taylor Docs 334 and 338. After receiving Plaintiffs' trial brief, the defendant filed a Motion to Decertify the Class. PX 8 Taylor Doc 341. This decertification motion was denied by the Court without prejudice depending on the evidence. PX 9 Taylor Doc 355. Essentially, the *Taylor* Plaintiffs' Trial Brief indicated that they intended to prove the entire case on behalf of nearly 1,500 opt-in plaintiffs, using only the testimony of the 4 named plaintiffs.

6. On January 19, 2015, the day prior to the commencement of trial, AutoZone filed a Notice of Settlement. PX 10 Taylor Doc 357. Then plaintiffs filed a Stipulation for Decertification of the Collective Action and Dismissal of Opt-In Plaintiffs Without Prejudice and a Stipulation of Dismissal of the Named Plaintiffs' With Prejudice was also filed by AutoZone. PX 11 Taylor Doc 358 and 359. Based on these notices and stipulations, the District Court decertified the case, dismissed the named plaintiffs with prejudice, and dismissed the opt-in plaintiffs without prejudice. PX 12 p. 3 - Taylor Opinion and Order Dismissing Case.

7. The District Court specifically noted its concern for the opt-in plaintiffs "because plaintiffs' counsel feared decertification for their failure to have been prepared to present evidence of damages for the opt-in plaintiffs." PX 12 p. 2. The District Court even made sure the statute of limitations was tolled for the opt-in plaintiff because of this concern. *Id.* The District Court was clear that the reason for the decertification was

the settlement of the named plaintiffs' claims and the lack of preparedness to present evidence in support of the opt-in plaintiffs' claims. *Id.*

8. The Named Plaintiffs filed this case on February 27, 2015. Doc. 1. On May 21, 2015, Plaintiffs initially moved for conditional certification of the opt-in class. Doc. 12. Defendant moved to stay briefing and ruling on this motion, which was granted by the Court on June 10, 2015. Docs. 19 & 22. The parties were ordered to confer and formulate a schedule for limited class discovery and conditional certification briefing. Doc. 22. A scheduling order was entered and the parties conducted class discovery. Doc. 35.

9. On January 29, 2016, Plaintiffs re-filed their motion for conditional certification. Doc. 38. The parties briefed the matter and briefing was closed on April 4, 2016. Docs. 44 & 56. The Court granted conditional certification on September 14, 2016 and ordered the parties to submit a mutually agreeable form of notice for approval by November 4, 2016. Doc. 67.

10. The parties submitted a joint proposed notice on November 4, 2016. Doc. 69. Because the joint notice had not yet been approved, on January 31, 2017, the parties then filed a joint motion for a status conference to discuss and seek approval of the notice. Doc. 71.

11. The Court granted the motion for status conference on May 31, 2017, and held a conference on June 7, 2017. Doc. 72. On June 8, 2017, the Court entered an Order approving the proposed plan to facilitate notice and the form of the notice. Doc. 73.

Notice was sent to putative class members in July 2017, and approximately 1,600 individuals submitted consent to join forms.

### III.  ARGUMENT

#### A.  FLSA STATUTE OF LIMITATIONS

The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years. 29 U.S.C. § 255(a). But if the claim is one "arising out of a willful violation," the statute of limitations is extended to three years. *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1280 (11th Cir. 2008). " Defendants seek to dismiss the claims of 485 Plaintiffs who it claims last worked for AutoZone more than three years prior to the filing of their consent forms (the non-*Taylor* Plaintiffs) or who were a member of the *Taylor* litigation but do not have timely claims within the 3 year statutory period.[3]

#### B.  EQUITABLE TOLLING

Contrary to Defendant's arguments, the statute of limitations should be extended for the individuals subject to Defendant's motion who were approved to receive notice of their rights to participate in this action by this Court, but who through no fault of their own were not actually sent the notice for several years.  In the instant motion, Defendant seeks to bar the claim of anyone who did not file a consent in this case within 2 years

---

[3]Plaintiffs  do not agree that Defendant's Chart listing Plaintiff's to be dismissed is correct.  For example, the information for the first person on Defendant's *Taylor* Plaintiff chart, Michael Havelka is incorrect based on a previous chart produced by Defendant.  *See* PX 20.  Based on the previously produced chart, Havelka would have a timely claim under the 3 year statute of limitations.

5

of their last paycheck from AutoZone. Plaintiffs argue in another filing that there is sufficient evidence for a jury to determine whether Defendant's violation of the FLSA is willful, thereby extending the statute of limitations to 3 years. In addition, even if the statute of limitations is not extended to 3 years because of willfulness, the statute of limitations for all of the plaintiffs subject to this motion should be equitably tolled and extended back to the point where the complaint was filed, or at the very least to the date where conditional certification was granted, September 14, 2016.[4]

The equitable tolling doctrine is applicable to claims brought under every federal statute, including those brought under the FLSA. *Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946); *Antonio-Morales v. Bimbo's Best Produce, Inc.,* 2009 U.S. Dist. LEXIS 51833 (E.D. La. 2009). Typically, Courts have applied equitable tolling in situations where either (1) the defendant has actively misled the plaintiff; (2) if the plaintiff in some extraordinary way has been prevented from asserting his rights; and (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum. *Miller v. Beneficial Mgmt. Corp.,* 977 F.2d 834, 845 (3d Cir. 1992). Courts have held that equitable tolling is allowable 'where the employer's own acts or ommissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights. *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 309 (3d Cir. 1983). The employer's actions do not have to

---

[4] Plaintiff is not seeking equitable tolling for the claim of Francisco Rodriguez who apparently never worked as a Store Manager for AutoZone. Also, the first Plaintiff on Defendant's EX B - Michael Havelka has termination date of April 28, 2011, not April 8, 2001. *See* EX 20 - Defendant's Chart of Allegedly Untimely Taylor Plaintiffs p.1.

constitute an "egregious act of deception" for equitable tolling to apply. *Miller*, 977 F.2d at 845. For example, one Court has held that allegations that an employers assurances that overtime comepensation was being paid properly was sufficient to support equitable tolling to defeat summary judgment on statute of limitations grounds. *Henchy v. City of Abesecon*, 148 F.Supp.2d 435, 439 (D.N.J. 2001).

Importantly, Courts have granted equitable tolling in FLSA collective actions in order "to avoid prejudice to actual or potential opt-in plainitffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b)." *Antonio-Morales* at *4. *See also, Partlow v. Jewish Orphans Home of S. Cal., Inc., 645 F.2d 757, 760-61 (9th Cir. 1981)*; *Roussell v. Brinker Int'l*, No. H-05-3733, 2008 U.S. Dist. LEXIS 109663 (S.D. Tex. Nov. 4, 2008); *Stickle v. SCI Western Mkt. Support Ctr., L.P.,* 2008 U.S. Dist. LEXIS 83315, *61-62 (D. Ariz. Sept. 30, 2008); *Johnson v. Big Lots Stores, Inc., 604 F. Supp. 2d 903 (E.D. La. 2008)*;*Faison v. Texas EZPawn, L.P., 2007 U.S. Dist. LEXIS 36864, 2007 WL 1481047, at *1 (S.D. Tex. May 21, 2007)*; *Smith v. Heartland Automotive Servs., Inc.,* 404 F. Supp. 2d 1144, 1155 n.9 (D. Minn. 2005);*Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312-13 (S.D. W.Va. 1986).

*Yahraes v. Rest. Assocs. Events Corp.*, 2011 U.S. Dist. LEXIS 23115 (E.D.N.Y. March 8, 2011), is especially instructive to the situation currently before the court. In *Yahraes*, the plaintiffs argued that the drawn-out litigation history, including numerous delays, merited equitable tolling, especially where Plaintiffs had been diligent in pursuing claims on behalf of themselves and the putative collective class. *Id.* at *5-6.

7

The *Yahraes* plaintiffs filed a motion for conditional certification less than a month after filing an amended complaint. *Id.* The due to a filing by Defendant, the case was stayed for approximately 160 days. *Id.* After the stay was lifted, Defendants sought to re-brief their opposition to certification and sought another stay until a not-yet filed motion to dismiss was decided. *Id.*

The District Court granted the *Yahraes* plaintiffs' motion for conditional certification and ruled that equitable tolling applied, discussing the importance of Plaintiffs diligently pursuing these claims. *Id.* In applying equitable tolling, the Court noted that "a statute of limitations may be tolled as necessary to avoid inequitable circumstances." *Id.*

In the instant case, a group of Plaintiffs (*Taylor* Plaintiffs) were opt-in plaintiffs in a collective action for several years in a district court in Arizona. They were then notified, out of the blue, that their claims had been dismissed and that they would need to re-file. A group of Plaintiffs took this step and re-filed the instant case within a month of dismissal on February 27, 2015. Then on May 21, 2015, Plaintiff filed a full-blown motion for conditional certification, fully briefed and supported with evidence. Defendant immediately moved to stay briefing and to allow discovery, even though discovery is not necessary prior to ruling on conditional certification. The Court granted the stay and the parties prepared and filed a proposed schedule for discovery.

After the parties conducted discovery, the Court then entered the scheduling order, adding additional time to complete discovery and for Plaintiffs to re-file for

certification. Plaintiffs re-filed their motion for conditional certification on January 29, 2016. Defendant filed a response, then Plaintiffs filed a reply. Briefing was closed as of April 4, 2016. The court then granted Plaintiffs' motion for conditional certification on September 14, 2016, and ordered the parties to submit a joint proposed plan to facilitate notice by November 4, 2016. The parties filed this proposed plan on November 4th. Since the form of notice had not yet been approved, and thus, could not be sent to the proposed class, the parties then requested a status conference on January 31, 2017. The Court held a status conference on May 31, 2017, and then approved the proposed notice. Notice then was sent to the proposed class beginning in July 2017, and the putative class members had until October 4, 2017, to join.

Based on this fact pattern, putative class members were delayed in receiving notice of this action until approximately 2 and ½ years after the complaint was filed and over 2 years after the initial motion for conditional certification was filed in May 2015. Additionally, putative class members were not provided notice of this action until almost 10 months had passed after the court granted conditional certification and allowed notice to go out to the putative class.

Thus, like the *Yahraes* Plaintiffs, the instant Plaintiffs were delayed in receiving notice of this case through no fault of their own. The Named Plaintiffs diligently filed this putative collective action to preserve their statute, and as their Complaint indicates, to preserve the statute of the entire putative class of Store Managers. Plaintiffs then immediately filed to have the class certified in order to give Store Managers notice and

9

the right to join. The delays in this case were more than the ordinary delays associated with litigation and any delay in sending out the notice does not lay with Plaintiffs. This situation, like the one in front of the *Yahraes* court merits the application of equitable tolling.

While Plaintiffs maintain that tolling is appropriate back to the filing of the complaint and at a minimum the date of the order granting conditional certification, there are also several other points throughout the litigation process which the Court could choose as the tolling date. These include the initial filing for conditional certification, the second filing for conditional certification, and the date of the order granting conditional certification. If the Court decides to apply equitable tolling and selects a corresponding date, Plaintiff suggests that the Court afford the parties an opportunity to work together and reach an agreement on which Plaintiffs are timely based on the application of the Court's ruling.

### 1. Taylor Plaintiffs

The 138 *Taylor* Plaintiffs found in EX B to the Declaration of Laurie Sharitt, are due to have their statute of limitations equitably tolled. Doc. 536-1 pp.25-28. These Plaintiffs timely filed their opt-in forms in that case and then were mostly passive class members while the litigation played out in Arizona. At all times they believed that they had done all they needed to pursue those claims. Then, one day they receive notification that their claims were dismissed. A few people found an attorney and re-filed that case on behalf of themselves and the other similarly situated managers.

Numerous *Taylor* plaintiffs who learned of this case prior to the granting of conditional certification joined this case. *See e.g.,* Docs. 2,9,11,17 & 18. The other *Taylor* Plaintiffs listed in Defendant's EX B did not join until after receiving notice that another collective action had been filed and that they had the right to join. This Court recognized the right of these *Taylor* Plaintiffs to join this case as reflected in the conditional certification order which specifically included them in the case even though many of their statue of limitations would have ran by the time certification was granted and even more would have lost the rights to bring their claims by the time the notice plan was approved and the parties were allowed to send out notice. Equitable tolling was made for this type of situation where inequities disadvantage one party and cause them to permanently lose their rights unless tolling is allowed.

### 2.   Non-Taylor Opt-Ins

The individuals listed in EX A to Sharitt's Declaration are opt-in Plaintiffs who were not part of the *Taylor* case. However, similar to the *Taylor* Plaintiffs, their rights have been impacted by the delays in briefing and ruling on conditional certification and in sending out notice several months after conditional certification was granted. Based on these facts and the cases cited above, equitable tolling should be applied and summary judgment should be denied as to the statute of limitations.

In addition to litigation delays, these non-*Taylor* Plaintiffs' statute of limitations should be tolled based on representations of their employer. AutoZone always paid all Store Managers a salary and told them they were exempt employees who were not due

overtime. The company did not allow them to clock in and did not otherwise keep up with their hours. The nuances of the FLSA's executive exemption are not something normally known to most non-legal people. Once told by the company that they are not due overtime, it is reasonable that most managers would not know that their rights were being violated until an attorney or someone with legal knowledge told them. Thus, under *Henchy* and *Miller*, these representations are sufficient basis to toll the statute of limitations for these plaintiffs until they received notice of the pending litigation and given an opportunity to join. The Court should act accordingly and apply equitable tolling to the claims of these plaintiffs.

## CONCLUSION

Based on the above, the Court should apply equitable tolling to the claims of the 485 individuals subject to this motion and deny Defendant's Motion for Summary Judgment related to the 3 year statute of limitations.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Counsel for Plaintiffs
WIGGINS CHILDS PANTAZIS
  FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

| | |
|---|---|
| CO-COUNSEL:<br>John A. Wilmer<br>Walter A. Kelley<br>WILMER AND LEE, P.A.<br>100 Washington Street, Suite 100<br>Huntsville, Alabama 35801 | Mitchell K. Shelly<br>James M. Coder<br>Alexander, Corder & Shelly, P.C.<br>215 S. Jefferson Street<br>Athens, AL 35611 |

## CERTIFICATE OF SERVICE

I certify that the foregoing has been served upon all counsel of record by e-filing with the Court's electronic filing system on this day, October 21, 2019.

K. Bryance Metheny
Michael L. Lucas
Amy K. Jordan
H. Carlton Hilson
Matthew T. Scully
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL

13