## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **HOPE M. CARR, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **5:15-cv-00356-AKK** |
| ) | |
| **AUTOZONER, LLC; AND** ) | |
| **AUTOZONE STORES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs, who work or worked as store managers for AutoZone stores across the United States, bring this collective action against AutoZoner, LLC and AutoZone Stores, Inc. (collectively, "AutoZone"), alleging that AutoZone violated the Fair Labor Standards Act, 29 U.S.C. *et seq.*, by improperly classifying them as exempt under the FLSA. This action is currently before the court on the plaintiffs' motion to strike the declaration of Allison Smith, doc. 551, and AutoZone's motions for summary judgment as to the claims of certain opt-in plaintiffs whose claims are allegedly barred by the statute of limitations, docs. 531; 534.[1] AutoZone argues the

---

[1] AutoZone also moves for summary judgment as to the claims of Francisco Rodriguez, who opted into this action and has never worked for AutoZone as a store manager. Docs. 531 at 2; 532 at 7; 533-1; 534 at 2; 535 at 6; 536-2. The plaintiffs do not dispute that Mr. Rodriguez never worked as a store manager for AutoZone, and they do not oppose AutoZone's motion. *See* docs. 548 at 6, n.4; 549 at 26, n.12. Accordingly, the motion on Mr. Rodriguez's claims is due to be granted.

claims of 485 opt-in plaintiffs are barred by the three-year statute of limitations for willful violations, docs. 531; 532, and the claims of 705 opt-in plaintiffs are barred by the FLSA's general two-year statute of limitations, docs. 534; 535.  The plaintiffs counter that the three-year statute of limitations applies because AutoZone willfully violated the FLSA and that, in any event, the doctrine of equitable tolling applies to effectively extend the statute of limitations beyond two or three years.  Docs. 548; 549.  For the reasons discussed below, the court finds that the motion to strike is due to be denied, that a material question exists regarding whether AutoZone allegedly willfully violated the FLSA, and that the plaintiffs have not shown that equitable tolling applies in this case.  Accordingly, AutoZone's motion for summary judgment related to claims barred by the three-year statute of limitations is due to be granted, while its motion related to claims barred by the two-year statute is due to be denied.

## I.

The court begins with the plaintiffs' motion to strike.  At issue here is the declaration of Alison Smith, AutoZone's former Director of AutoZoner Relations, which the plaintiffs move to strike pursuant to Rule 37 of the Federal Rules of Civil Procedure.  Doc. 551.  Under Rule 37, "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that [] witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "The burden rests upon the non-

producing party to show that its actions were substantially justified or harmless." *Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, (M.D. Ala. 2001) (citation omitted).  In evaluating whether the failure to disclose a witness is harmless, the court considers "(1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004).

According to the plaintiffs, AutoZone failed to comply with Rule 26 by waiting until after the discovery deadline to disclose Ms. Smith as a person with discoverable knowledge of AutoZone's legal compliance and litigation history.  *Id.* at 2; *see also* doc. 55-17 at 51.   AutoZone contends that the timing of its disclosure was substantially justified because it understood the discovery deadline to relate only to discovery relevant to its decertification motion.   Doc. 554 at 6-7.   The court disagrees.  The court issued one deadline for all discovery and did not bifurcate fact discovery as AutoZone contends.  *See* doc. 80.  And, when the court extended certain deadlines, it ordered the parties to submit a proposed schedule for only damage experts, dispositive motions, and trial—not additional fact discovery—within seven days after a ruling on the decertification motion.  Doc. 82.  Thus, AutoZone has not shown that its delay in disclosing Ms. Smith was substantially justified.

Still, the motion to strike is due to be denied because the failure to disclose Ms. Smith before the discovery deadline was harmless.  Doc. 554 at 8-10.  As AutoZone points out, the plaintiffs do not explicitly contend that the late disclosure prejudiced them.  *See* doc. 551.  Moreover, Ms. Smith's declaration, which relates to AutoZone's decision to classify its store managers as exempt, *see* doc. 536-9, is largely repetitive of facts David Barber, AutoZone's former Director of Compensation, testified to in his deposition, *see* doc. 550-15.  And, as discussed below, the court finds that AutoZone is not entitled to summary judgment as to whether its alleged violation of the FLSA was willful even if the court considers Ms. Smith's declaration.  *See* section III(A), *infra*.  Thus, the court finds that AutoZone's untimely disclosure of Mr. Smith was harmless as to the motions currently before the court, and the court declines to strike her declaration.

## II.

Turning now to the motions for summary judgment, under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof

at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration in original). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id*. at 324 (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Anderson*, 477 U.S. at 255. Any factual disputes will be resolved in the non-moving party's favor when sufficient competent evidence supports the non-moving party's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276, 1278 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)).

## III.

AutoZone classified its store managers and assistant store managers as exempt from the FLSA's overtime requirements sometime prior to 2000. Docs. 550-15 at 7-8. Based on litigation in California and the advice of counsel, AutoZone decided in the early 2000s to reclassify store managers in California as non-exempt employees under California law, which imposes stricter standards than the FLSA for determining whether an employee is exempt from overtime requirements. Docs. 536-9 at 2-3; 550-15 at 8. At that time, counsel advised AutoZone that it had properly classified as exempt store managers outside of California under the FLSA. Doc. 550-15 at 8. In the early 2000s, AutoZone also conducted an internal review and determined that store managers outside of California and Puerto Rico are exempt employees. *Id.* at 8-12. Then, sometime after 2005, AutoZone decided to re-classify assistant store managers as non-exempt "to reduce the likelihood of future lawsuits concerning the [] position," but did not re-classify the store manager position. Doc. 536-9 at 3-4.

Prior to this lawsuit, a group of store managers filed another FLSA collective action in 2010 in the district of Arizona, *Taylor v. AutoZone, Inc.*, case no. 3:10-cv-08125-FJM, alleging that AutoZone improperly classified them as exempt employees and failed to pay them overtime pay. *See* doc. 550-1. Approximately 1,500 opt-in plaintiffs joined that action. Doc. 550-5 at 6. The named plaintiffs in

*Taylor* settled their claims against AutoZone on the eve of trial, and they stipulated to the decertification of the collective action and the dismissal of the opt-in plaintiffs' claims without prejudice.  Docs. 550-10; 550-11.

In response to Judge Martone's concerns that potential statute of limitations issues could preclude opt-in plaintiffs from pursuing their claims in subsequent actions, the parties entered a tolling agreement whereby AutoZone agreed that the statute of limitation was tolled for the opt-in plaintiffs' claims during the pendency of the *Taylor* action and that the statute would start running again upon dismissal of their claims without prejudice.  *Taylor v. AutoZone*, Case No. 3:10-cv-08125-FJM, Doc. 366, Transcript of Settlement Discussion January 20, 2015 at 4-5, 9, 11, 13-14, 26-27, 32-41.  Judge Martone then dismissed the opt-in plaintiffs' claims without prejudice on January 19, 2015, doc. 550-12, and counsel notified the opt-in plaintiffs about the dismissal, their options for pursuing their claims, and the deadlines for doing so, *see* doc. 550-12 at 3.

Approximately one month later, a group of opt-in plaintiffs from *Taylor* filed this action, seeking damages under the FLSA for unpaid overtime wages based on allegations that AutoZone improperly classified them as exempt employees.  Doc. 1.  After a period of discovery, the court conditionally certified a class of current and former AutoZone store managers, excluding managers from California and Puerto Rico, "who have been employed by AutoZone from February 27, 2012  to the present

(3 years from the filing of this lawsuit to the present)" and "individuals employed as store managers 'from July 16, 2008 to February 27, 2012, who filed opt-in consents in [*Taylor*] . . . ." Doc. 67. The court subsequently approved, doc. 73, the parties' plan to facilitate notice to potential class members, which provided that a class member's opt-in date for statute of limitations and damages purposes would be the date a third party administrator received the class member's executed consent form, doc. 69-1 at 5.

Over 1,600 class members opted into this action, including dozens who opted in by filing consent forms before the court conditionally certified the class. *See* docs. 9; 11; 17-18; 24; 29-30; 32; 37; 65-66. Of these opt-in plaintiffs, 325 had previously opted into the *Taylor* action, including 58 who opted in before class certification. *See* docs. 532 at 5-6; 535 at 5-6.

## IV.

The FLSA provides a two-year statute of limitations generally, and a three-year statute of limitations for claims based on willful violations. 29 U.S.C. § 255(a).[2] AutoZone contends that the two-year statute of limitation applies because the plaintiffs cannot show it willfully violated the Act, and it asks the court to grant summary judgment as to 705 opt-in plaintiffs whose claims are purportedly barred

---

[2] For opt-in plaintiffs, the limitations period in FLSA actions generally runs until a plaintiff opts-in to a collective action by filing an opt-in notice with the court. *See* 29 U.S.C. § 256(b).

by the two-year statute of limitations.  Docs. 534; 535 at 11-17.  AutoZone further contends that it is entitled to summary judgment as to 485 opt-in plaintiffs whose claims are purportedly barred by the three-year statute of limitations.  Docs. 531; 532.  The plaintiffs counter that a question of fact exists on the willfulness issue such that the three-year statute of limitations may apply, and that the statute of limitations should be effectively extended based on the doctrine of equitable tolling.  Docs. 548.  The court addresses these contentions in turn.

## A.

An employer  willfully violates the FLSA when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134 (1988).  The relevant regulations define reckless disregard as the "failure to make adequate inquiry into whether conduct is in compliance with the act."  5 C.F.R. § 551.104.  "Neither negligence, nor even unreasonable conduct, is sufficient to prove willfulness," *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1324 (11th Cir. 2007)), and the Supreme Court has recognized that "[t]he fact that Congress . . . adopted a two-tiered statute of limitations [] makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations," *Richland Shoe Co.*, 486 U.S. at 132.  The plaintiffs bear the burden of proving a violation is

9

willful by a preponderance of the evidence.  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162-63 (11th Cir. 2008) (citation omitted); *see also McLaughlin*, 486 U.S. at 135.

1.

AutoZone argues that the plaintiffs' ability to prove willfulness is foreclosed by caselaw supporting the application of the executive or administrative exemption to store managers, and in particular by decisions from this court and the Western District of Virginia granting summary in its favor based on the executive exemption in other FLSA overtime cases.  Doc. 535 at 11-14.[3]  But, whether the executive exemption applies to a store manager is "'an inherently fact-based inquiry' that depends on the many details of the particular job duties and actual work performed by the employee seeking overtime pay."  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1263 (11th Cir. 2008) (citing *Rodriquez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1263 (11th Cir. 2008); *see also* 29 C.F.R. § 541.700(a).  Thus, though the weight of the authority may make it more difficult for the plaintiffs to prove willfulness, cases holding that store managers for other employers qualify as exempt

---

[3] AutoZone also contends that the plaintiffs cannot show willfulness because the Department of Labor has never found that AutoZone violated the FLSA by classifying its store managers as exempt and because its expert opined that AutoZone properly classified its managers. Doc. 535 at 11.  But, AutoZone has not cited any evidence suggesting that the Department ever investigated the matter.  *See id.*  And, though the opinion of AutoZone's retained expert may ultimately prove to be persuasive, it is not dispositive of the question whether AutoZone willfully violated the FLSA.

executives under the FLSA do not necessarily establish that AutoZone properly classified its store managers as exempt or, at least, did not willfully violate the FLSA by doing so.

Similarly, the two cases AutoZone cites relating to whether an AutoZone store manager and assistant store manager are exempt under the FLSA are not dispositive. The first case is Judge Michael Urbanski's well-reasoned decision in *Smith v. AutoZone, Inc.*, 2016 WL 4718184 (W.D. Va. May 13, 2016). In that case, Judge Urbanski held that AutoZone properly classified the plaintiff as an exempt employee under the executive and administrative exemptions to the FLSA and granted AutoZone's motion for summary judgment. 2016 WL 4718184, at *1. AutoZone contends that the *Smith* case compels a finding that it did not willfully violate the FLSA by classifying store managers as exempt employees. Doc. 535 at 12-13. But, as stated above and as Judge Urbanski noted, "FLSA exemption claims are necessarily fact-specific," *id.* at *16, n.7, and as this court previously recognized, the record before Judge Urbanski is materially different than the record in this case, doc. 557 at 19-20, n.20. Thus, the decision in *Smith* does not necessarily compel a finding in this case that AutoZone did not willfully violate the FLSA.

The second case AutoZone cites is *Coffield v. AutoZone Stores, Inc.*, Case No. 2:02-cv-02436 (N.D. Ala. Aug. 31, 2005). In that case, Judge R. David Proctor granted AutoZone summary judgment based on his findings that AutoZone properly

classified Coffield, an assistant store manager, as an exempt employee under the FLSA and that, even if it mis-classified Coffield, AutoZone did not willfully violate the FLSA. *Coffield*, Case No. 2:02-cv-02436, doc. 42 at 12. *Coffield* is distinguishable, however, and does not aid this court in its analysis of the willfulness issue. In particular, the plaintiff's claims in *Coffield* related to an eleven-month period between October 1999 and September 2000, *see id.* at 1-2, which is long before the relevant time period for the claims in this case. Moreover, AutoZone has not pointed to any evidence suggesting the facts before Judge Proctor mirror the facts presented to the court in the present case. In addition, Judge Proctor based his decision in large part on the "'in charge' test" articulated by the First Circuit in *Donovan v. Burger King Corp.*, 672 F.2d 221 (1st Cir. 1982). *See Coffield*, Mem. Op. at 21-29. Under that test, "the person 'in charge' of a store has management as his primary duty, even though he spends the majority of his time on non-exempt work and makes few significant decisions." *Donovan*, 672 F.2d at 227. But, the Eleventh Circuit has subsequently called into question whether courts may properly rely on the "in charge" test. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1272, n.60 & 1273 (11th Cir. 2008). Consequently, the *Coffield* decision does not mandate a finding that AutoZone did not willfully violate the FLSA by classifying its store managers as exempt under the FLSA.

2.

AutoZone argues next that the plaintiffs cannot show that it willfully violated the FLSA because it consulted with outside counsel to determine that store managers should be classified as exempt executive employees. Doc. 535 at 14-16. But, "mere reliance on the advice of counsel is insufficient to satisfy the defendants' burden in proving their good faith in failing to pay overtime." *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp. 2d 1347, 1358-59 (S.D. Fla. 2010) (citing *Townley v. Floyd & Beasley Transfer Co.*, 1989 WL 205342, at *4 (N.D. Ala. 1989)). Indeed, the Eleventh Circuit has recognized that a jury could reasonably conclude that employers willfully violated the FLSA in spite of the employers' reliance on the advice of counsel if the jury found that the employers did not supply their counsel with all of the information needed to arrive at an informed opinion on the exemption issue. *Alvarez Perez*, 515 F.3d at 1168.[4] In this case, AutoZone has not cited any evidence regarding what information it supplied its attorneys or what its attorneys considered when advising AutoZone about the proper classification of its store managers outside of California and Puerto Rico. *See* docs. 535; 536-9. Thus, the evidence currently before the court relating to AutoZone's reliance on the advice of counsel does not establish that the plaintiffs cannot prove a willful violation of the FLSA as a matter of law.

---

[4] The Fifth Circuit has reached a similar conclusion. *See Uffelman v. Lone Star Steel Co.*, 863 F.2d 404, 409 (5th Cir. 1989).

3.

AutoZone further contends that the plaintiffs cannot prove a willful violation because it conducted an internal review in the early 2000s to determine if it properly classified the store manager position as an exempt position. Doc. 535 at 16-17. Specifically, Dan Barber, AutoZone's former Director of Compensation, assessed the duties and responsibilities of AutoZone's store managers by spending two days observing store managers working in one or two stores and discussing the position with several company vice presidents. Docs. 535 at 7, 16-17; 550-15 at 8-10. Based on his assessment, Mr. Barber concluded that store managers are without direct supervision on a "day-to-day basis" and are "free to make decisions and operate the store." Doc. 550-15 at 11. But, Mr. Barber admits that he did not talk to any store managers or their direct supervisors, and he testified that the details of how district managers supervise store managers is "not [his] area of expertise." *Id.* at 9, 11. In addition, Mr. Barber did not talk with anyone about the procedures store managers use for scheduling and corrective actions or assess the amount of time store managers spend on non-managerial tasks even though those factors relate to whether a store manager's primary duty is management. *Id.* at 9, 11-13; *see also* 29 C.F.R. §§ 541.102, 541.700(a). And, AutoZone has not cited any evidence that it re-assessed the position after Mr. Barber's assessment.

14

Moreover, after Judge Proctor issued his decision in *Coffield* in 2005, and on the advice of counsel, AutoZone reclassified its assistant store managers as hourly employees in order "to reduce the likelihood of future lawsuits concerning the [] position." Doc. 535 at 8; *see also* doc. 536-9 at 3. But, in spite of evidence of significant overlap between the job duties of the store managers and assistant store managers, *see Coffield*, Case No. 2:02-cv-02436, doc. 42 at 6-11, AutoZone chose not to reclassify its store managers, *see* doc. 536-9 at 3-4. As the plaintiffs point out, AutoZone does not provide any information regarding whether it also reviewed the store manager position when it reclassified assistant store managers. *See* docs. 535; 536-9; 549 at 20-21. And, AutoZone provides no explanation for its decision to not reclassify store managers as non-exempt even though they share most of their duties with assistant managers. *See Coffield*, Case No. 2:02-cv-02436, doc. 42 at 6-11; *see also* doc. 535.

To close, viewing this evidence in the light most favorable to the plaintiffs, a reasonable jury could find that AutoZone failed "to make adequate inquiry into whether" its decision to classify store managers as exempt "is in compliance with the [FLSA]." *See* 5 C.F.R. § 551.104. Consequently, AutoZone has not shown that the plaintiffs cannot prove willfulness as a matter of law, and a question of fact exists regarding whether the plaintiffs can prove the three-year statute of limitations applies in this case. As a result, AutoZone's motion as to the 705 opt-in plaintiffs

whose claims are barred by the two-year statute of limitations, doc. 535, is due to be denied.

## B.

Next, AutoZone contends that it is entitled to summary judgment as to 485 opt-in plaintiffs whose claims are purportedly barred even if the three-year statute of limitations applies. Docs. 531; 532. The plaintiffs counter that the court should apply the doctrine of equitable tolling and find that the statute of limitations tolled for the opt-in plaintiffs upon the filing of the Complaint or on the date the court conditionally certified the class. Docs. 549 at 26.

In an FLSA class action, the filing of a lawsuit does not toll the statute of limitations for all putative class members. Rather, the statute continues to run until a class member files her opt-in consent form. *See* 29 U.S.C. § 256(b). Nevertheless, a court may apply the doctrine of equitable tolling to the statute of limitations. *See Holmbert v. Armbrecht*, 327 U.S. 392, 397 (1946); *Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 110 (1989). The plaintiffs bear the burden to show that equitable tolling is warranted, and satisfying that burden requires them to prove: "'(1) that [they have] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way and

prevented timely filing.'" *Villarreal*, 839 F.3d at 971 (quoting *Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 755 (2016)).

Because "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants," *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), "congressionally mandated" statutes of limitations "demand" deference from the court, *Jackson v. Astrue*, 506 F.3d 1349, 1354 (11th Cir. 2007). Thus, equitable tolling is an "extraordinary remedy" that "should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citing *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990)). To that end, courts have generally reserved equitable tolling for cases involving circumstances where "[1] a defendant misleads the plaintiff into allowing the statutory period to lapse, [2] [] the plaintiff has no reasonable way of discovery the wrong against her before the end of the statutory period, or [3] [] the plaintiff timely files a technically deficient pleading but was diligent in all other aspects." *Rojas v. Garda CL Southeast, Inc.*, 297 F.R.D. 669, 680 (S.D. Fla. 2013) (citing *Justice*, 6 F.3d at 1479). The plaintiffs do not contend that any of those circumstances exist in this case. *See* docs. 548; 549 at 26-32. Rather, the plaintiffs cite the dismissal of the *Taylor* action in Arizona and the length of time that elapsed between the initiation of this action in 2015 and the potential class members receiving court-approved notice of this action in 2017. Doc.

17

548. For the reasons explained below, the court respectfully does not agree that equitable tolling is warranted.

1.

The plaintiffs contend that equitable tolling should apply to the opt-in plaintiffs' claims because the named plaintiffs diligently pursued claims on behalf of the putative class. *See* docs. 548 at 9-10; 549 at 30. But, as Judge Rosenbaum aptly recognized, "when plaintiffs seek equitable tolling related to notice provided to potential opt-ins in FLSA actions, they must provide evidence of the diligence of the potential opt-in plaintiffs—not the named plaintiffs who are already party of the case—to assert their rights within the statutory period in the face of extraordinary circumstances." *Rojas*, 297 F.R.D. at 680 (citation omitted). Similarly, here, the plaintiffs offer no evidence or explanation regarding what steps, if any, the opt-in plaintiffs may have taken to protect their rights prior to opting into this action or after the dismissal of their claims in the *Taylor* action. *See* docs. 548; 549. In that regard, the plaintiffs have not shown diligence by the opt-in plaintiffs to trigger equitable tolling considerations.

2.

The plaintiffs contend also that equitable tolling is warranted based on the purported delays in conditionally certifying the class and sending court-approved notice to potential class members, which they contend prevented those class

members from opting into this action.  *See* doc. 548 at 8-11.  However, that

contention is belied by the dozens of opt-in notices the plaintiffs filed in 2015, i.e.,

before the court conditionally certified the class in 2016 and approved the parties'

plan to facilitate notice to class members in 2017.  *See* docs. 9; 11; 17; 18; 24; 29;

30; 32; 37.  Moreover, any of the opt-in plaintiffs could have pursued individual

claims prior to the expiration of the limitations period.  In fact, all of the *Taylor* opt-

in plaintiffs received notice of their right to pursue their claims and where they stood

with respect to the statute of limitations, *see* doc. 550-12 at 3, and the plaintiffs have

not presented any evidence regarding why those opt-in plaintiffs whose claims may

be barred did not timely pursue their individual claims.  Finally, the plaintiffs have

not cited any binding authority or other authority from this circuit for the proposition

that litigation delays associated with FLSA collective actions are an "extraordinary

circumstance" that could warrant application of the doctrine of equitable tolling.  *See*

docs. 548; 549.  And, other courts in this circuit have declined to apply equitable

tolling based on litigation delays in FLSA collective actions.[5]

To conclude, the plaintiffs have not shown that the opt-in plaintiffs diligently

pursued their rights or that extraordinary circumstances prevented them from

---

[5] *See Rojas*, 297 F.R.D. at 679-80; *Mill v. OK Sun Adams*, 2014 WL 1340758, at *2 (M.D. Ga. April 3, 2014); *Palma v. MetroPCS Wireless*, Inc., 2013 WL 6836535, at *1-2 (M.D. Fla. Dec. 26, 2013); *Pendlebury v. Starbucks Coffee Co.*, 2008 WL 700174, at *4-5 (S.D. Fla. Mar. 13, 2008); *Love v. Phillips Oil, Inc.*, 2008 WL 5157677, at *2 (N.D. Fla. Dec. 9, 2008).

pursuing their claims. Therefore, they have not shown that equitable tolling is warranted with respect to the opt-in plaintiffs' claims. *See Villarreal*, 839 F.3d at 971. As a result, AutoZone's motion for summary judgment as to the claims of the opt-in plaintiffs whose claims are barred by the three-year statute of limitations, doc. 531, is due to be granted.

## V.

Based on the foregoing, the plaintiffs' motion to strike, doc. 551, is **DENIED**. AutoZone's motion for summary judgment as to the claim of Francisco Rodriquez is **GRANTED**, and Rodriquez's claims are **DISMISSED WITH PREJUDICE**. In all other respects, AutoZone's motion as to the 705 plaintiffs whose claims are purportedly barred by the two-year statute of limitations, doc. 534, is **DENIED**.

AutoZone's motion as to the 485 opt-in plaintiffs whose claims are purportedly barred by the three-year statute of limitations, doc. 531, is **GRANTED**. In light of the plaintiffs' contention that errors exist in AutoZone's chart identifying plaintiffs whose claims are barred by the three-year statute of limitations, *see* doc. 548 at 5, n.3, the court **ORDERS** the parties to confer and to file a joint notice on or before **January 7, 2021** identifying which opt-in plaintiffs' claims are barred by the three-year statute of limitations. If the parties cannot reach an agreement, they shall identify those opt-in plaintiffs whose claims are in dispute, and separately and

concisely explain the dispute, citing specific evidence to support each party's position.

**DONE** the 20th day of November, 2020.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE